**MALCOLN S. H. KNEALE, v. ROSS WILLIAMS, ET AL., as Judges of the Circuit Court of the Eleventh Judicial Circuit of Florida.**

30 So. (2nd) 284                           January Term, 1947
April 29, 1947                                        En Banc
Rehearing Denied May 17, 1947

*Malcolm S. H. Kneale* and *Basil H. Pollitt,* for relator.

*Herbert U. Feibelman,* for respondents.

BUFORD, J.:

This matter is before us on motion for absolute writ of prohibition, notwithstanding the answer and other motions not necessary to be discussed.

The record shows that New Jersey Supreme Court issued its rule as follows:

"The defendant, Albert E. Davies, appearing specially, and only for the purpose of this application, having presented a petition duly verified, whereby it appears that at the time of the making and filing of the affidavit herein, and at the time of the issuance of the writs of attachment herein, the defendant was resident in the State of New Jersey, and within the jurisdiction of this Court, and did not abscond from his creditors;

"It is, on this 20th day of June, 1946, ORDERED that the plaintiff Midland Constructors, Inc., show cause before the Justice of the Supreme Court sitting at the State House Annex in Trenton, New Jersey on the 15th day of July, 1946, at the hour of ten o'clock in the forenoon (daylight saving time) why the writs of attachment issued in the above stated cause should not be quashed, set aside and for nothing holden, and the sheriffs ordered to release and restore the property attached, in accordance wth the prayer of said petition;

"And it is ORDERED that the plaintiff and the defendant may take deposition for use in the argument of this rule, upon four days' notice of the time and place of taking the same;

"It is further ORDERED that a copy of said petition and of this rule (neither of which must be certified) be served on said plaintiff or its attorneys within five days of the date hereof. "(Sgd.) Ralph W. E. Donges

Justice."

Thereafter Notice of taking Depositions was given, as follows:

"TO: ALBERT K. PLONE, Esquire, Attorney for Defendant. Take notice that the plaintiff, in pursuance of the rule heretofore entered in the above entitled cause, and the statute in such case made and provided, will take the deposition of the hereinafter named persons before Frederick J. Ward, a Master in Chancery of the State of New Jersey, at his office 1000 Lincoln Road, Miami Beach, Florida, on the 4th day of November, 1946, at ten o'clock in the forenoon.

"The names and addresses of the persons whose depositions will be taken are:"

Then follows the names and addresses of witnesses.

Thereafter, Frederick J. Ward, as Master in Chancery of the State of New Jersey, issued subpoena to the named witnesses.

Thereafter, on November 16th, 1946, Frederick J. Ward issued his order as follows:

"I, FREDERICK J. WARD, a Master in Chancery of New Jersey, having been heretofore designated to take the testimony of S. O. Porter, Assistant Cashier of the Florida National Bank and Trust Company, Malcolm S. H. Kneale, Esq., and other witnesses, in pursuance of notice served upon the defendant in the above styled cause, under and in conformity with the statutes of the state of New Jersey in such cases made and provided, did on November 12, 1945 at 10:00 A. M. convene the hearing at my office at 1000 Lincoln Road, Miami Beach, Florida. There were present Adolph R. Hayes, Esq., and Herbert U. Feibelman, Esq., appearing in behalf of the plaintiff, and Malcolm S. H. Kneale, Esq., counsel for the defendant and the two above named and other witnesses named in the notice. Testimony was taken and transcribed by Wayne E. Silverman, who was properly sworn and qualified under the laws of the State of New Jersey. After the taking of testimony the hearing was adjourned by agreement of the parties to 606 First National Bank Building, Miami, Florida, on Wednesday, November 13, 1946, and at said time and place the respective counsel appeared, as well as H. F. Ward, Esq., of Ward & Ward, counsel for the Florida National Bank and

Trust Company at Miami. Testimony was taken at that hearing until 12:30 P.M., when the hearing was adjourned by consent of the parties until 2:30 P.M., and the taking of testimony was resumed and adjournment taken.

"There is appended to this report, as a part thereof, a true copy of transcript of testimony taken, which is correct.

"During the course of the examination the witness S. O. Porter of the Florida National Bank and Trust Company of Miami, through counsel, announced his refusal to respond to the subpoena duces tecum issued by the undersigned. The ground of such objection is reflected in the transcript of the testimony.

"The witness Malcom S. H. Kneale, Esq., did object to answering a number of questions propounded to him and he stated the grounds of his objections, all of which will appear from the transcript of testimony attached hereto.

"It was stipulated and agreed between the parties to the cause and the witnesses S. O. Porter and Malcolm S. H. Kneale, that the petition for rule to show cause and citation would be waived, and that the rulings on the objections of the witnesses should be made by the Circuit Court for the 11th Judicial Circuit through one of the judges without the issuance of the rule, and the witnesses agreed to abide judgment of the Circuit Court for the 11th Judicial Circuit.

> "Respectfully submitted,
> (s) FREDERICK J. WARD
> Frederick J. Ward
> Master of Chancery
> State of New Jersey."

Thereafter, on November 19th, 1946, the Honorable Ross Williams, as Judge of the 11th Judicial Circuit of Florida, entered his order as follows:

"This cause come on to be heard upon the report of Frederick J. Ward as Master in Chancery of the State of New Jersey, by stipulation of the parties and Malcolm S. H. Kneale, Esq., attorney for the defendant, for the determination by this court whether or not the witness Malcolm S. H. Kneale, Esq., can be required to answer certain designated questions to which he had interposed objection upon the ground that

each of said questions called for evidence violative of the rule of privilege between attorney and client. The Matter was argued before the court and Malcolm S. H. Kneale, Esq., appeared for the defendant and for himself and Herbert U. Feibelman, Esq., and Adolph R. Hayes, Esq.; appeared for the plaintiff. It is, therefore,

"ORDERED that the witness, Malcolm S. H. Kneale, Esq., be, and he is hereby, required to answer each of the questions propounded to him which he refused to answer upon the ground of privilege, except the following question, which he is not required to answer:

" 'In connection with what other business than the purchase of the property described in plaintiff's exhibit 11, did Mr. Albert Davies—did you handle for Mr. Albert Davies in Florida since you were employed by him?' "

On December 5, 1946, Mr. Kneale appeared before the Master in Chancery and was asked all the questions which the Order of Judge Williams required him to answer. He answered some of the questions with the following reservation:

"MR. KNEALE: An objection on behalf of the defendant and the witness; I object to answering the question which is propounded to me for the following reasons. I am an attorney at law, duly licensed by the Supreme Court of Florida; and this question just propounded to me involves the affairs of one or more of my clients. I cannot reveal the information called for by the question without violating my oath of admission to the bar, and without violating the code of ethics and the immemorial traditions under which all honorable lawyers carry on their noble and learned profession. Answering this question will amount to a violation of a professional confidence reposed in me by my client and/or clients; and the rule is universal in not only Anglo-American jurisprudence but among all the legal systems known to the civilized world, that confidential communications, communicated in the course of professional employment, between an attorney and his client, cannot without the consent of the client be divulged by the attorney. Here I am the attorney and my client has not consented to me divulging the information sought in the question.

Accordingly I only answer under definite and expressed protest, and because of the order of the Dade County, Florida, Circuit Court, the same being the 11th Judicial Circuit of Florida, which said order was made by the Hon. Ross Williams. In this connection I submit the said order of Judge Williams is null and void, for the reason that neither the statutes of New Jersey nor of Florida grant any jurisdiction to the Florida Circuit Court with respect to depositions taken in Florida in a cause pending in the State of New Jersey. The only proper tribunal to pass on the question of the competency of testimony in this cause is the New Jersey Supreme Court. And I am confident that in due course of time that tribunal will sustain my objection now being interposed, to answering the question propounded to me; and will also sustain the motion to strike the answer which I may be compelled to give and which motion I shall subsequently make.—I now make the further point that my consent to go before a Dade County, Florida, Circuit Judge, could not by any known theory of law and cannot confer by any known theory of law, jurisdiction upon the court, when the court was totally lacking in jurisdiction.—Now if counsel desires I will answer the question."

"MR. KNEALE: At this time I move the New Jersey Supreme Court and the Master in Chancery before whom this deposition is being taken, to strike all answers I have given and will give, under the compulsion of Judge Ross Williams' order, on the grounds and for the reasons stated in the objection I entered when the first question was propounded to me."

He then declined to answer other questions on the grounds that the questions elicited the divulging of confidential communication between attorney and client by him as the attorney.

The suggestion for writ of prohibition then alleges that Mr. Kneale has been advised by the attorney for the plaintiff in New Jersey case that application would be made to the Circuit Court of the 11th Judicial Circuit of Florida for an order citing Mr. Kneale for contempt because of his failure to answer the propounded questions and that he believes

such citation will be issued unless prohibited by order of this court.

In this latter regard the answer of the Respondent alleges:

"In response to the paragraph numbered XII, these Respondents deny that any contempt citation had issued. Counsel announced at the hearing at which the witness Kneale was being examined that an order would be sought citing the witness Kneale to show cause, if any, why he should not be adjudged in contempt and punished. These Respondents are without knowledge of counsel having seen the Special Master and assert that no proceedings have been instituted in the Circuit Court for the Eleventh Judicial Circuit of Dade County, Florida, to adjudge the Relator in contempt but that such proceedings were in contemplation at the time of the filing of the suggestion.

"The respondents further show that the Circuit Court for the Eleventh Judicial Circuit of Dade County, Florida, by virtue of Secs. 91.25, 91.26 and 91.27 of the Florida Statute 1941, has jurisdiction to determine whether or not the witness Malcolm S. H. Kneale was in contempt of court in his refusal to answer the several interrogatories propounded to him."

It will be observed that there is no showing in the record that the New Jersey Supreme Court did at any time name Frederick J. Ward or anyone else as a commissioner before whom depositions in this case should be taken.

Chapter 91 Florida Statutes 1941, (same F.S.A.) does not apply to proceedings before Master in Chancery but only to the appointment of, and proceedings before, Commissioners. So the question arises whether or not the Master in Chancery involved here was in law a Commissioner authorized to conduct the taking of testimony under depositions authorized by a law court of the State of New Jersey.

Section 2:100-26, Vol. 1 Revised Statutes of New Jersey 1937 provides as follows:

"Before whom testimony taken.—

"Any party in a civil cause or any defendant in any indictment desiring testimony of any witness who resides out of this state may, instead of taking his testimony by commis-

sion, take the testimony of such witness de bene esse before any judge of any supreme, circuit or district court, or court of common pleas of the state or county where such witness is, or before any commissioner of deeds appointed by the governor of this state, resident in the state or county where such witness is, or before a commissioner specially appointed for that purpose by the court in which such action is pending, or any judge thereof, or before a master in chancery of this state."

Therefore, we hold that a Master in chancery under the law of the State of New Jersey when officiating in the taking of depositions authorized by a law court of the State of New Jersey is a commissioner within the purview of sections 91.26 and 91.27 Fla. Statutes 1941 (same F.S.A.). See 30 C.J.S. Sec. 514, page 911; People ex rel. Ickes v. Rushworth 294 Ill. 455, 128 N.E. 555; Jones' Commentary on Evidence 2nd Ed., Vol. 4, Sec. 1971, page 3650; 12 Am. Jur. Sec. 48, page 424; 26 C.J.S. Sec. 65, page 883; Whigmore on Evidence, 3rd Ed., Vol. 8, Sec. 2195D.

The next contention is that the questions propounded elicit from the witness, who is attorney for the defendant, answers which would require him to divulge information which is privileged as to transactions between attorney and client and that he could not, therefore, be lawfully required to answer such questions.

The questions propounded all seek information as to the receipt and disbursement of funds received from an absconding debtor who was the attorney's client and which funds were alleged to have been concealed in fraud of creditors.

It appears to be well settled that the perpetration of a fraud is outside the scope of the professional duty of an attorney and no privileges attach to a communication and transaction between an attorney and client with respect to transactions constituting the making of a false claim 'or the perpetration of a fraud. See Sawyer v. Stanley 241 Ala. 39, 1 So. (2) 21; Standard Fire Insurance Co. v. Smithhart, 183 Ky. 679, 211 S.W. 441, 5 A.L.R. 972. Also annotation 125 A.L.R. 512, et seq.

In Standard Fire Insurance Co. v. Smithhart, supra, it was said: "The protection which the law affords to communications between attorney and client has reference to those which are legitimately and properly within the scope of lawful employment. It does not extend to communications made in contemplation of . . . a crime or perpetration of a fraud."

In Charlton v. Coombes (1863) 4 Giff. 372, 66 Ebg. Reprint 751, it was said: "The court cannot permit it to be said that the contriving of a fraud forms part of the professional business of an attorney or solicitor." See also Whigmore on Evidence, 3rd Ed., Vol. 8, Sec. 2298, page 573.

So it appears that the Rule Nisi should be discharged.

It is so ordered.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.

HARRISON, Associate Justice concurs in conclusion.