O’CONNELL, Justice.
Respondent, John Q. Langford, petitioned this Court for review of the judgment of the Board of Governors of The Florida Bar in which he was found guilty of violation of Canon 22 of the Canons of Professional Ethics and Rules 11, 15, 27, 28 and 30 of the Additional Rules Governing the conduct of attorneys, 31 F.S.A., and thereupon suspended from the practice of law for a period of 18 months and thereafter until he shows unto the Board of Governors and this Court that he has rehabilitated himself.
This cause was originally set for oral argument on November 9, 1960. On November 1, 1960 counsel for respondent filed a “motion to dismiss appeal” in which respondent’s counsel, among other things, set forth that the respondent was
“ * * * either indifferent as tO' whether this Appeal is or is not prosecuted, or suffers such mental confusion that he is unable to determine for himself whether the same should or should' not be prosecuted.”
In the “motion to dismiss appeal” respondent’s counsel stated that he felt “respondent’s interest would best be served if the Court would permit dismissal of this Appeal,” and that it would “be an imposition upon the time of this Honorable Court and upon the petitioner (complainant), The Florida Bar, to continue this Appeal * * when the respondent shows such indifference toward prosecution of the same.” Respondent’s counsel then set forth statements indicating respondent’s failure to cooperate in the prosecution of the review of the judgment of the Board of Governors.
Thereafter this Court advised respondent’s Counsel that under the Inte *539 gration Rule it was required that this Court act upon all recommendations of the Board of Governors involving such matters and therefore, although it was not required that the matter be argued by counsel, the review could not be withdrawn from consideration by this Court.
Counsel for the respondent and The Florida Bar then advised this Court that oral argument was waived and we have considered the matter on the record.
Respondent’s misconduct arose out of a land speculation deal which resulted in the filing by respondent of a forged deed. The forgery was not committed by respondent and the record indicates that he did not know it was a forgery until after it was recorded. When he learned it was a forgery he immediately took steps to erase the cloud created by the filing of the forged deed.
In an investigation by the Grievance Committee of The Florida Bar for Duval County respondent, apparently in an attempt to cover his actions in the deal, stated that he had borrowed $5,000 from a friend, a lawyer in another county. Then to cover this statement he contacted his lawyer friend and asked him to back him up in the statement regarding the $5,000 loan. The friend wisely refused to do so.
Subsequently respondent admitted that he had not borrowed any money from his friend and also admitted that he had requested the friend to testify falsely in the Bar proceedings.
A complaint was filed against respondent by The Florida Bar charging that respondent testified falsely, attempted to suppress evidence, and endeavored to incite another to commit perjury.
A hearing was had following which the referee filed his report recommending disbarment.
The Board of Governors softened the recommendations from disbarment to suspension for 18 months, as above stated.
We have carefully considered the record in this cause and concur in the recommendations of the Board of Governors. The harsher penalty of disbarment might be deserved because of the nature of the misconduct; however, the age, short period of practice, and quick action of respondent to correct the cloud on title resulting from the filing of the forged deed merit the lesser penalty under the view of this Court expressed in State ex rel. Florida Bar v. Dawson, Fla.1959, 111 So.2d 427.
Accordingly the respondent is suspended from the practice of law for a period of 18 months and thereafter until he can show unto the Board of Governors of The Florida Bar and this Court that he has rehabilitated himself pursuant to Section 5(i) of Article XI of the Integration Rule, 31 F.S.A., and until he pays the costs of this proceeding in the sum of $151.06.
THOMAS, C. J., and TERRELL, DREW and THORNAL, JJ., concur.