394 So.2d 405 (1980)
THE FLORIDA BAR, Complainant,
v.
Joseph V. AGAR, Respondent.
No. 58005.
Supreme Court of Florida.
October 9, 1980.
Rehearing Denied February 5, 1981.
David G. McGunegle, Branch Staff Counsel, Orlando and John A. Boggs, Asst. Staff Counsel, Tallahassee, for complainant.
Joseph V. Agar, in pro. per., respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against the respondent, Joseph V. Agar, a member of The Florida Bar, concerns the respondent's knowingly presenting false testimony before a circuit court. Respondent has filed a petition to review the referee's findings and recommended discipline of four months' suspension. The Florida Bar has filed a cross-petition for review and seeks disbarment. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
In 1978 Agar was engaged to represent the husband in an uncontested divorce. Agar's secretary informed the wife upon inquiry over the phone that the wife could appear as witness to the husband's residency, a statement that later proved to be contrary to the apparent practice of the circuit court judge assigned the case. The wife did not learn of this obstacle until so informed by Agar just before entering the courtroom. Despite knowing her to be the wife, Agar called her to testify, which she did, giving a false name, concealing the fact of marriage, and stating that she knew the husband because she did bookkeeping for him. Both the husband and the wife, who were granted the divorce, later testified that it was Agar who had suggested that the wife falsely represent herself and her relationship with the husband to the court. Agar never informed the court of the fraud.
The referee found that Agar "did (1) arrange, either actively or passively, for a witness to falsely testify before a court of competent jurisdiction, and (2) presented or called a witness on behalf of his client who he had good reason to know would falsely testify before a court of competent jurisdiction, and (3) as an officer of such court failed to immediately notify the judge of that court of such false testimony or in the alternative to withdraw his prayer for relief."
The referee recommended that Agar be found guilty of violating the Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), 7-102(A)(4), 7-102(A)(6), 7-102(A)(7), and 7-102(B)(2), and his oath as an attorney.
It is relevant that the state attorney brought criminal charges against Agar in this matter for perjury in violation of sections 777.011 and 837.02, Florida Statutes (1977), and Agar subsequently entered a plea of nolo contendere to the lesser included misdemeanor offense of solicitation to commit perjury.
The referee recommended that Agar be suspended from the practice of law for four months and thereafter until he shall prove his rehabilitation and that he be assessed *406 the costs of the proceeding. In his petition for review, Agar urges this Court to find him not guilty of all violations alleged or, in the alternative, that punishment be limited to public or private reprimand. The Florida Bar, on the other hand, urges in its cross-petition for review that Agar be disbarred for the alleged violations.
It is clear from the record that Agar knew the testimony in question on behalf of his client was false and that he did nothing to reveal the fraud to the court. It matters not, despite respondent's arguments to the contrary, whether the testimony is capable, in and of itself, of affecting the outcome of the case in question. What is relevant is that respondent, by his own admission, allowed his client to perpetrate a fraud upon the court and, according to the testimony of his client and the false witness, was the one who suggested the fraud in the first instance.
We agree with The Florida Bar that a punishment of four months' suspension is not in keeping with the gravity of this conduct.
This Court has not changed its attitude since Dodd v. The Florida Bar, 118 So.2d 17 (Fla. 1960), in which we said:
No breach of professional ethics, or of the law, is more harmful to the administration of justice or more hurtful to the public appraisal of the legal profession than the knowledgeable use by an attorney of false testimony in the judicial process. When it is done it deserves the harshest penalty.
Id. at 19. The punishment in Dodd was disbarment, and we believe that must be the punishment here. We have reviewed those disciplinary cases called to our attention by The Florida Bar and respondent concerning use of false testimony by an attorney, and we acknowledge that in some cases the punishment has been significantly less than that sought by The Florida Bar here.[1] However, to the extent that those cases with lighter punishments do not substantially differ from the instant case in the degree of participation by the attorney or some other significant factor, they represent the exception to the general rule of strict discipline against deliberate, knowing elicitation or concealment of false testimony.
We have reviewed the record and agree with the referee's findings and recommendation of guilt. For the reasons expressed above, we find that the recommended discipline should be disbarment, and, accordingly, Joseph V. Agar is hereby disbarred. The disbarment shall be effective on the thirtieth day following the filing of this opinion, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. The filing of a motion for rehearing shall not alter the effective date of this disbarment.
Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $273.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ENGLAND and ALDERMAN, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I agree with the recommendation of the referee, that Agar be found guilty of violating the Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), 7-102(A)(4), 7-102(A)(6), 7-102(A)(7), and 7-102(B)(2) and his oath as an attorney.
However, I feel that the appropriate discipline in this case would be a two year suspension from the practice of law.
NOTES
[1] See, e.g., The Florida Bar v. Hagglund, 372 So.2d 76 (Fla. 1979) (reprimand); The Florida Bar v. Morales, 366 So.2d 431 (Fla. 1978) (disbarment); The Florida Bar v. Pearce, 356 So.2d 317 (Fla. 1978) (reprimand); The Florida Bar v. Brooks, 336 So.2d 359 (Fla. 1976) (reprimand); The Florida Bar v. King, 174 So.2d 398 (Fla. 1965) (reprimand); The Florida Bar v. Langford, 126 So.2d 538 (Fla. 1961) (eighteen months' suspension).