PER CURIAM.
Case No. 80-2011 is held in abeyance pending final determination by the circuit court, in accord with this court’s directions, of the defendant’s rule 1.540(b) motion.
On the authority of Pelekis v. Florida Keys Boys Club, 302 So.2d 447 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 751 (Fla.1975), case no. 82-1971 is reversed and remanded for further proceedings as follows: in reaching its final determination the trial court is directed (1) to permit full discovery of the plaintiff, her attorneys and any other party relative to the defendant’s rule 1.540(b) motion and (2) thereafter conduct an evidentiary hearing on the defendant’s rule 1.540(b) motion.[1] See also Seven-Up Bottling Co. of Miami v. George Construction Corp., 166 So.2d 155 (Fla. 3d DCA 1964) (motion for relief from a final judgment grounded upon fraud merits a full opportunity to present all available facts to the court).
No. 80-2011 held in abeyance. No. 82-1971 reversed and remanded with directions.

. We note that no privilege attaches to a communication or transaction between an attorney and client with respect to their perpetration of fraud. Kneale v. Williams, 158 Fla. 811, 30 So.2d 284 (1947); Anderson v. State, 297 So.2d 871 (Fla. 2d DCA 1974); Leithauser v. Harrison, 168 So.2d 95 (Fla. 2d DCA 1964).