PER CURIAM.
Pursuant to article V, section 15, of the Florida Constitution, we review proposed changes in the Rules Regulating the Florida Bar.
The Board of Governors of the Florida Bar has submitted a revision of rule 4-3.3 of the Rules Regulating the Florida Bar, which would change a lawyer’s duties and obligations concerning a client who wishes to present or has presented perjured testimony.
While the issue of perjured testimony has been aired prominently in recent years, only one response was filed to the petition following its publication in The Florida Bar News. Attorney John W. Douglass of Fort Lauderdale is concerned with section (a)(4) of the proposed rule, which says a lawyer shall not knowingly:
Permit any witness, including a criminal defendant, to offer testimony or other evidence that the lawyer knows to be false. A lawyer may not offer testimony which he knows to be false in the form of a narrative unless so ordered by the tribunal. If a lawyer has offered material evidence and thereafter comes to know of its falsity, the lawyer shall take reasonable remedial measures.
Mr. Douglass argues that rule 4-3.3(a)(4) should be altered to read “learns or reasonably should have learned” rather than “comes to know.” The danger, Mr. Douglass contends, is that unscrupulous lawyers can easily avoid the strictures of the rule simply by refusing to check out the story the client plans to tell.
There was some support for this position among members of the Board of Governors. In fact, the special Bar committee appointed in 1987 to study the issue recommended wording similar to that offered by Mr. Douglass. The Board, however, rejected the suggestion, and we are inclined to follow the Board’s advice.
While there is some appeal in Mr. Douglass’ position, there is a strong countervailing argument. There are few lawyers who have not had the experience of wondering whether some clients were being entirely candid. Yet, the fact that the client’s version of events differs from that of many others does not mean that the client is lying. The loyalty owed to the client demands that a lawyer accept the client’s statement of facts until such time as it becomes apparent that the client is not telling the truth. It would be unfair to subject an otherwise ethical lawyer to discipline for failing to exhaust all avenues of discovering the truth of the client’s version of the facts. Moreover, regardless of how the rule is worded, its success will ultimate *1369 ly depend upon the sensitivity of lawyers to perceive and to respect the fine line between the obligations of an advocate and the duty to prevent the perpetration of a fraud. We are confident that the lawyers of Florida will be responsive to the spirit as well as the language of the rule.
Thus, we approve the proposed rule 4-3.-3, which is attached to this opinion. The rule shall become effective upon the filing of this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.
APPENDIX
4-3.3 Candor toward the tribunal.
(a) A lawyer shall not knowingly:
(1) Make a false statement of material fact or law to a tribunal;
(2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
(3) Fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(4) Offer evidence that-the lawyer knows to be false. If a lawyer has offered material evidence and-comes--to-know of its falsity, the-lawyer shall take reasonable remedial measures.
(4) Permit any witness, including a criminal defendant, to offer testimony or other evidence that the lawyer knows to be false. A lawyer may not offer testimony which he knows to be false in the form of a narrative unless so ordered by the tribunal. If a lawyer has offered material evidence and thereafter comes to know of its falsity, the lawyer shall take reasonable remedial measures.
(b) The duties stated in paragraph (a) continue beyond the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by rule 4-1.6.
(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(d) In an ex parte proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.
Comment:
The advocate’s task is to present the client’s case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate’s duty of candor to the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.
Representations by a lawyer
An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client’s behalf, and not assertions by the lawyer. Compare rule 4-3.1. However, an assertion purporting to be on the lawyer’s own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in rule 4-1.2(d) not to counsel a client to commit or assist the client in committing a fraud applies in litigation. Regarding compliance with rule 4-1.2(d), see the comment to that rule. See also the comment to rule 4-8.4(b).
Misleading legal argument
Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the *1370 existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.
False evidence
When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client’s wishes.
When false evidence is offered by the client, however, a conflict may arise between the lawyer’s duty to keep the client’s revelations confidential and the duty of candor to the court. Upon ascertaining that material evidence is false, the lawyer should seek to persuade the client that the evidence should not be offered or, if it has been offered, that its false character should immediately be disclosed. If the persuasion is ineffective, the lawyer must take reasonable remedial measures.
Except in the defense of a criminal accused, the rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client’s deception to the court or to the other party. Such a disclosure can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process which the adversary system is designed to implement. See rule 4 — 1.2(d). Furthermore, unless it is clearly understood that the lawyer will act upon the duty to disclose the existence of false evidence the client can simply reject the lawyer’s advice to reveal the false evidence and insist that the lawyer keep silent. Thus, the client could in effect coerce the lawyer into being a party to fraud on the court.
Perjury by a criminal defendant
Whether an advocate for a criminally accused has the same duty of disclosure has been intensely debated. While it is agreed that the lawyer should seek to persuade the client to refrain from perjurious testimony, there has been dispute concerning the lawyer's duty when that persuasion fails. If the confrontation with the client occurs before trial, the lawyer ordinarily can withdraw. Withdrawal before trial may not be possible if trial is imminent, if the confrontation with the client does not take place until the trial itself, or if no other counsel is available.
The most difficult situation, therefore, arises in a criminal case where the accused insists on testifying when the lawyer knows that the testimony is perjurious. The lawyer’s effort to rectify the situation can increase the likelihood of the client’s being convicted as well as opening the possibility of a prosecution for perjury. On the other hand, if the lawyer does not exercise control over the proof, the lawyer participates, although in a merely passive way, in deception of the court.
Three (3) resolutions — of this dilemma have been proposed. — One is to permit the accused to testify by a narrative without guidance through the lawyer-’s questioning. This compromises both competing-principles; it exempts the lawyer from the duty to disclose-false evidence but subjects the client to an implicit disclosure of information imparted-to counsel. — Another suggested resolution, of relatively recent origin, is that the advocate be entirely excused from the duty to reveal perjury if the perjury is that of the-client. — This is a coherent solution but makes the advocate a knowing instrument of- perjury.
The third resolution-of the dilemma is that the lawyer must reveal the client’s perjury if necessary to rectify the situation, A criminal accused has a right to the-assistance of an-advocate, a right to testify and a right of confidential communication with counsel, — However, an accused should not have a right-to assistance of counsel in committing perjury, — Furthermore, an advocate has an obligation, not only in profes *1371 sional ethics-bat under the law-as-well,-t& avoid implication in the commission- of perjury-or other falsification of evidence. — See rule d-1.2(d).
Remedial measures
If perjured testimony or false evidence has been offered, the advocate's proper course ordinarily is to remonstrate with the client confidentially. If that fails, the advocate should seek to withdraw if that will remedy the situation. Subject to the caveat expressed in the next section of this comment, lif withdrawal will not remedy the situation or is impossible and the advocate determines that disclosure is the only measure that will avert a fraud on the court, the advocate should make disclosure to the court. It is for the court then to determine what should be done — making a statement about the matter to the trier of fact, ordering a mistrial, or perhaps nothing. If the false testimony was that of the client, the client may controvert the lawyer’s version of their communication when the lawyer discloses the situation to the court. If there is an issue whether the client has committed perjury, the lawyer cannot represent the client in resolution of the issue and a mistrial may be unavoidable. An unscrupulous client might in this way attempt to produce a series of mistrials and thus escape prosecution. However, a second such encounter could be construed as a deliberate abuse of the right to counsel and as such a waiver of the right to further representation.
Constitutional requirements
The general rule — that an advocate must disclose the existence of perjury with respect to a material fact, even that of a client — applies to defense counsel in criminal cases, as well as in other instances. However, the definition of the lawyer’s ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases.
Refusing to offer proof believed to be false
Generally speaking, a lawyer has authority to refuse to offer testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer’s ability to discriminate in the quality of evidence and thus impair the lawyer’s effectiveness as an advocate. In criminal cases, however, a lawyer may, in some jurisdictions, be denied this authority by constitutional requirements governing the right to counsel.
A lawyer may not assist his client or any witness in offering false testimony or other false evidence, nor may the lawyer permit his client or any other witness to testify falsely in the narrative form unless ordered to do so by the tribunal. If a lawyer knows that his client intends to commit perjury, the lawyers first duty is to attempt to convince the client to testify truthfully. If the client still insists on committing perjury the lawyer must threaten to disclose the client’s intent to commit perjury to the judge. If the threat of disclosure does not successfully convince the client to testify truthfully, the lawyer must disclose the fact that his client intends to lie to the tribunal and, per 4-1,6, information sufficient to prevent the commission of the crime of perjury.
The lawyer's duty not to assist witnesses, including his own client, in offering false evidence stems from the Rules of Professional Conduct, Florida statutes and caselaw.
Rule 4-1.2(d) prohibits the lawyer from assisting a client in conduct that the lawyer knows or reasonably should know is criminal or fraudulent.
Rule 4-3.4(b) prohibits a lawyer from fabricating evidence or assisting a witness to testify falsely.
Rule 4-8.4(a) prohibits the lawyer from violating the Rules of Professional Conduct or knowingly assisting another to do so.
Rule 4~8.4(b) prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer.
Rule 4-8.4(c) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
*1372 Rule 4-8.4(d) prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.
Rule 4 — 1.6(b) requires a lawyer to reveal information to the extent the lawyer reasonably believes necessary to prevent a client from committing a crime.
This rule, 4-3.3(a)(2), requires a lawyer to reveal a material fact to the tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client, and 4-3.3(a)(4) prohibits a lawyer from offering false evidence and requires the lawyer to take reasonable remedial measures when false material evidence has been offered.
Rule 4-1.16 prohibits a lawyer from representing a client if the representation will result in a violation of the Rules of Professional Conduct or law and permits the lawyer to withdraw from representation if the client persists in a course of action which the lawyer reasonably believes is criminal or fraudulent or repugnant or imprudent. Rule 4-1.16(c) recognizes that notwithstanding good cause for terminating representation of a client, a lawyer is obliged to continue representation if so ordered by a tribunal.
To permit or assist a client or other witness to testify falsely is prohibited by Florida Statute § 837.02, which makes perjury in an official proceeding a felony and by Florida Statute § 777.011, which proscribes aiding, abetting, or counseling commission of a felony.
Florida caselaw prohibits lawyers from presenting false testimony or evidence. Kneale v. Williams, [158 Fla. 811] 30 So.2d 284 (Fla.1947), states that perpetration of a fraud is outside the scope of the professional duty of an attorney and no privilege attaches to communication between attorney and a client with respect to transactions constituting the making of a false claim or the perpetration of a fraud. Dodd v. The Florida Bar, 118 So.2d 17 (Fla.1960), reminds us that “... the courts are ... dependent on members of the bar to ... present the true facts of each cause ... to enable the judge or the jury to [decide the facts] to which the law may be applied. When an attorney .., allows false testimony ,. he ... makes it impossible for the scales [of .justice] to balance.” See also, The Florida Bar v. Simons, 391 So.2d 684 (Fla.1980), and The Florida Bar v. Agar, 394 So.2d 405 (Fla.1981).
The United States Supreme Court in Nix v. Whiteside, [475 U.S. 157] 106 S.Ct. 988 [89 L.Ed.2d 123] (1986), answered in the negative the constitutional issue of whether it is ineffective assistance of counsel for an attorney to threaten disclosure of his client's (a criminal defendant) intention to testify falsely.
Ex parte proceedings
Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary restraining order, there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.