CARROLL, Judge,
Appellant contracted with the appellees for sale to them of a lot, and of a house to be constructed thereon by appellant. The contract did not contain plans and specifications but provided that the house was to be "substantially similar to model #260” in a designated subdivision, and was to be constructed “substantially similar to the model house.”
The purchasers observed the construction of the house as it progressed, and moved their furniture into the house when it was completed. Later, on the day before the scheduled closing the purchasers announced their refusal to complete the contract, for the reason that the house was considered by them to be defective in a number of respects. The cost to the purchasers was to be approximately $32,000. They had delivered a deposit or down payment of $4,500 to the seller. After rejection of the house by the purchasers the seller sold it to another, for a price somewhat less than the contract figure.
Action was filed by plaintiff purchasers in the civil court of record in Dade County, alleging defective workmanship in seventeen instances, causing a depreciation in value of $4,458; that defendant had refused to remedy the defects, and had refused to return plaintiffs’ $4,500 deposit; and plaintiffs sought damages in the amount of $4,990.
On the trial, which was held without a jury, the plaintiffs did not present evidence that the house failed to conform substantially to the model house referred to in the contract, but submitted evidence (most of which was contradicted) relating to the alleged defects in construction, and certain opinion evidence (also contradicted) that the cost of correcting the defects and departures from workmanlike construction would be $4,458. The record discloses the trial court correctly recognized that the purchasers could not recover damages for defects in construction where they had renounced the contract and refused to accept the house (17 Am.Jur.2d, Contracts § 516). Instead, the trial court granted judgment against the seller for the amount of the purchasers’ $4,500 deposit,. on the theory that the purchasers had established a right to rescission. The defendant then prosecuted this appeal.
 Appellant contends, and we agree, that the common law court did not have jurisdiction to decree rescission and return of the down payment. A right in the purchasers to recover their down payment necessarily required a determination that the seller had materially breached the contract *462 and that the purchasers were entitled to rescission. However, jurisdiction for rescission and cancellation of contracts is reposed in equity. S Fla.Jur., Cancellation, Reformation and Rescission of Instruments, § 5.
Accordingly, the judgment is reversed and the cause is remanded with directions to transfer the cause to the circuit court, equity side, as provided for in such instances by rule 1.39, Fla.R.C.P.[1] 30 F.S.A.
Reversed and remanded with directions.

.“(a) Transfers of Actions. If at any time it appears that an action has been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption.
» * *
“(b) Transfers of Courts. If it should appear at any time that an action is pending in the wrong court of any county it may be transferred to the proper court within said county by the same method as provided in Rule 1.13 (j).”