WIGGINTON, Judge.
Petitioners seek review by certiorari of an order rendered by the trial court denying their demand for a trial by jury of the issues raised by the pleadings filed in this case.
Petitioners filed their original complaint against respondents in an action for an accounting, rescission of contract because of fraud, inspection of corporate books, dissolution of a corporation, and for damages. An amended complaint was subsequently filed containing substantially identical allegations as those averred in the original complaint. Respondents answered, denying those allegations of the amended complaint averring fraud and overreaching, and counterclaimed seeking the appointment of a receiver of the property involved in the litigation, which was in possession of petitioners, and asking that an accounting be taken with respect to rents, issues, and profits derived from the operation of the property by petitioners.
After this case was set for non-jury trial, but some three weeks before the trial date, petitioners filed their second amended complaint, in the first paragraph of which they allege that this action is for rescission pursuant to F.S. Section 517.21, F.S.A., and for damages in excess of $1,000.00. By this complaint petitioners charged respondents with conspiracy to defraud, deceive, and mislead petitioners in connection with their purchase of shares of common stock in the defendant corporations in violation of F.S. Section 517.301, F.S.A. By their complaint petitioners sought both compensatory and punitive damages and demanded a trial by jury on all issues which were triable of right by a jury.
To the second amended complaint respondents realleged all of their defenses interposed in their answer to the first amended complaint and also realleged their counterclaim. By their pleadings respondents tendered the same issues which were framed by the pleadings prior to the filing of petitioners’ second amended complaint.
In response to petitioners’ demand for jury trial, the court entered an order directing petitioners to file in the cause a designation of the issues which they contended should be tried by a jury as a matter of right. In response to this order petitioners designated the following issues, to wit: misrepresentations, nondisclosures, materiality, unlawful plan of conspiracy, aiding and abetting by the corporate defendant, concealment of material facts, causation of damages, compensatory and punitive damages. After hearing, the trial court entered its order in which it found that “the issues raised by the respective parties are so intertwined that plaintiffs’ demand for jury trial upon the issues designated would be improper”. Based upon that finding the trial court denied petitioners’ demand for a jury trial on the issues raised by the pleadings, which order petitioners seek to have quashed by writ of certiorari.
It is undisputed that the issues raised by the original and first amended complaint filed by petitioners, as joined by the answers and counterclaims thereto filed by respondents, were equitable in nature and required the application of equitable principles in order to grant the basic relief prayed for by the respective parties. The damages sought by petitioners in their original and first amended complaint were incidental to the equitable relief of rescission on which their claim for damages depended. The equitable character of the cause of action sued upon was not materi *64 ally changed by virtue of the allegations contained in the second amended complaint. By the first paragraph of that pleading petitioners alleged that the action is one for rescission of the purchase made by them of certain shares of stock in defendant corporations. The prayer for damages is incidental to and dependent upon the basic prayer for rescission. An action for rescission of a contract is essentially equitable in character, the granting of which depends upon the application of equitable principles as distinguished from substantive rules of law.[1] If it was the purpose and intent of petitioners to convert their cause of action from one in equity to one at law by the filing of their second amended complaint, their effort to do so was not made until after the case had been set for non-jury trial by the court on the equitable issues raised by the first amended complaint and respondents’ answer and counterclaim thereto. At that point it would have been improper for the trial court to have treated the case as one at law instead of one in equity. It is a fundamental principle of our jurisprudence that once having taken jurisdiction of a case for one purpose, equity will retain it for all purposes to administer full, complete and final relief.[2] It is also held that equity will retain jurisdiction and finally dispose of litigation even though such a procedure necessitates a determination of purely legal rights or a granting of purely legal remedies.[3]
In considering the designation of issues to be tried as submitted by petitioners in response to the court’s request, the trial court determined that such issues, both legal and equitable, were so intertwined that a jury trial on any of such issues would have been improper. Upon that consideration the trial court found that petitioners were not entitled as a matter of right to a trial by jury on the issue of damages raised by their second amended complaint. Even assuming without deciding that the allegations of the second amended complaint were sufficient to allege a cause of action based upon a violation of the provisions of F.S. Section 517.21, F.S.A., we are of the view that the trial court did not abuse its discretion in denying petitioners’ demand for a trial by jury on the issues raised by the pleadings in this case. The order reviewed herein is affirmed, the writ discharged and the petition dismissed.
CARROLL, DONALD K., Acting Chief Judge, and RAWLS, J., concur.

. 5 Fla.Jur. 199, Cancellation, Reformation, etc., §§ 2, 3; Corak Construction Corp. v. Scott (Fla.App.1966), 184 So.2d 460.

. 12 Fla.Jur. 190, Equity, § 43.

. 12 Fla.Jur. 194, Equity, § 44.