SCHWARTZ, Chief Judge.
The issue in this case concerns the viability of a final judgment of adoption and the agreed order regarding paternity upon which it was based. A careful review of the pertinent orders of the Chief Judge of the Eleventh Circuit clearly reveals that the county judge who executed the order and judgment was never appropriately assigned to the cause as an acting circuit judge. Since only the circuit court, acting through a duly qualified circuit judge, has jurisdiction in paternity and adoption proceedings, Art. Y, § 5(b), Fla. Const., the order and judgment were entered without jurisdiction over the subject matter[1] and are totally void. Caudell v. Leventis, 43 So.2d 853 (Fla.1950); Corak Constr. Corp. v. Scott, 184 So.2d 460 (Fla. 3d DCA 1966), cert. denied, 189 So.2d 633 (Fla.1966). On that ground,[2] the appellants’ motion under Florida Rule of Civil Procedure 1.540(b)(4) for relief from the order and judgment as void should have been granted. See Gelhop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970)[3],[4] The cause is therefore remanded with directions to vacate the order and judgment.

. We need not consider the effect of the highly disturbing fact that all of the parties herein: the "surrogate” mother; the “natural” father; his wife, the adoptive mother; and the child were and are residents of Michigan who never so much as set foot in Florida. It is apparent therefore that, for unknown reasons, our courts have been employed as an unwelcome means of promoting the interests of persons who have no contact with this state.

. It may be added that the motion was apparently also properly based on allegations of extrinsic fraud relating to the sequential representation by the same counsel of, first, the "surrogate mother” and then the adoptive parents. See Fla.R.Civ.P. 1.540(b)(3); DeClaire v. Yohanan, 453 So.2d 375 (Fla.1984).

. This was the ruling of a trial judge in an identical prior situation. Stern v. Whitehead, No. 86-12060 (Fla. 11th Cir. September 4, 1986) (order granting respondent's motion for relief from judgment and respondent's supplemental motion for relief from judgment).

. The county judge was properly assigned to hear the Rule 1.540 motion itself.