557 So.2d 861 (1990)
Michael STEIN, Petitioner,
v.
Patricia Clark FOSTER, et al., Respondents.
No. 73696.
Supreme Court of Florida.
January 18, 1990.
Rehearing Denied April 2, 1990.
Law Offices of Melvyn B. Frumkes & Associates, P.A., Miami, and Cynthia L. Greene of the Law Offices of Greene and Greene, P.A., Miami, for petitioner.
Ira M. Elegant and Carolina A. Echarte of Buchbinder & Elegant, P.A., Miami, for respondents.
Robert D. Arenstein, New York City, and Sharon Huddle DeAngelo, Citrus Heights, Cal., amicus curiae for The Foundation on Economic Trends.
McDONALD, Justice.
We review Foster v. Stein, 534 So.2d 1218 (Fla.3d DCA 1988), because of conflict with Card v. State, 497 So.2d 1169 (Fla. 1986), cert. denied, 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987). Our jurisdiction is based in article V, section 3(b)(3), Florida Constitution. We hold that the district court erred in reversing the trial court's rulings and quash Foster.
In January 1986 Michael Stein and Patricia Foster executed a surrogate parenting agreement under which Foster agreed to bear Stein's child and then give it to Stein and his wife. A county judge serving as an acting circuit court judge entered an order determining the unborn child's paternity in December 1986.[1] Foster gave birth *862 in March 1987 and turned the child over to the Steins. In May 1987 the same Florida judge granted the petition of Hayat Stein (Michael's wife) to adopt the child. Within a year Foster petitioned for relief from the judgment of adoption, alleging, among other things, that the administrative order assigning the county judge to the circuit court did not authorize him to enter a final judgment of adoption. The same judge who heard the earlier proceedings denied the petition. The district court reversed, voided the lower court's rulings, and held that "the county judge who executed the order and judgment was never appropriately assigned to the cause as an acting circuit judge." 534 So.2d at 1218.
As authorized by article V, section 2(b), Florida Constitution, and rule 2.050(b)(4), Florida Rules of Judicial Administration, by administrative order no. 86-149, November 10, 1986, Chief Judge Wetherington appointed seventeen county court judges to the circuit court
to temporarily serve as Acting and Temporary Judges of the FAMILY CIVIL DEPARTMENT of the Circuit Court, to hear, try, conduct, determine and dispose of those cases assigned to them by the Associate Administrative Judge of the Family Division of the Circuit Court, effective through December 1, 1986, and inclusive of December 31, 1986, and thereafter to dispose of all those matters considered by them during said period.
The named judges include Edward H. Swanko, the judge who presided over this case. On April 24, 1987 Judge Wetherington issued administrative order no. 87-59, substantively the same as order no. 86-149, covering the month of May 1987. Foster argues that, because the associate administrative judge of the family division did not assign her case to Judge Swanko specifically,[2] he had no jurisdiction to hear it.
Even assuming that Judge Swanko had not been assigned specifically to the instant case,[3] we find the district court's voiding of his orders unwarranted. Judge Wetherington's orders validly made Judge Swanko an acting circuit court judge with the power to hear any case properly in the circuit court and within the scope of the administrative orders. Under those orders Judge Swanko "was in peaceful position, discharging his official duties in view of the public, with public acquiescence, and without the slightest appearance of a usurper." State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 273, 28 So.2d 589, 593 (1946). It appears that Judge Swanko was, at the very least, a de facto circuit judge.
A de facto judge functions under color of authority even though that judge's actual authority suffers from some procedural defect. Card. Public policy and necessity, to protect the interest of the public and others dealing with a de facto officer, mandate adoption of the de facto doctrine. Wiseheart. By ignoring the de facto doctrine and voiding Judge Swanko's orders the district court has, in essence, also voided orders entered by the other judges assigned to the circuit court.[4] The family division, to which these judges were assigned, deals with delicate and sensitive matters. Casting doubt on the finality, the very legitimacy, of the orders entered by Judge Swanko and the other judges does not protect or well serve the interests of the public.
We hold, therefore, that Judge Swanko was a de facto judge. A de facto judge's acts are valid. Card. An objection to a de facto judge's authority to serve must be timely made. At the latest this should be before the final judgment is entered *863 in the action.[5] Because Foster did not object in a timely manner, Judge Swanko's orders should not be vacated on the grounds that he lacked capacity to act as a circuit judge.[6] Therefore, we quash the district court's decision and remand with directions to affirm Judge Swanko's rulings in this case.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] A Michigan court entered a similar order in January 1987. All documents pertaining to this adoption were executed in Michigan, and the child was born in Michigan. The petition for adoption was silent on the residence of the parties, but because of the foregoing it appears that all are Michigan residents. The issue of the jurisdiction of the Florida courts to consider the adoption was not raised. § 63.185, Fla. Stat. (1987), enacted subsequent to these proceedings, would clearly proscribe this in the future.
[2] The record does not contain any such order, and Foster alleges that none exists.
[3] We do not reach the question of whether a showing that Judge Swanko had been assigned the case according to procedures dictated by the administrative judge would supplant the necessity of a written order specifically assigning the case to him.
[4] At oral argument Foster's counsel stated that he had looked at the circuit court's records and that hundreds of orders might be affected by the district court's ruling.
[5] This is consistent with § 38.06, Fla. Stat. (1987), dealing with the effect of disqualification of judges.
[6] The only argument presented at the trial court level was the defect in the assignment of Judge Swanko. We therefore choose to limit this opinion to the de facto judge issue and not to address any other points now raised by the parties.