PER CURIAM.
Appellant, Peter Loffler, has raised four issues in his appeal from a final judgment of dissolution of marriage. We affirm on all points.
Franklin County Judge Van Russell was acting as a de facto circuit court judge in Leon County and his actions were therefore valid. A timely objection to a de facto judge’s authority is necessary to void his or her acts. Appellant, having failed to object to Judge Russell’s authority, has waived any such objection for appellate purposes. See Stein v. Foster, 557 So.2d 861 (Fla.), cert. denied, 498 U.S. 847, 111 S.Ct. 134, 112 L.Ed.2d 101 (1990); Card v. State, 497 So.2d 1169 (Fla.1986), cert. denied sub nom. Card v. Dugger, 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987); McNealy v. State, 549 So.2d 248 (Fla. 5th DCA 1989).
Section 61.021, Florida Statutes (1989), provides that a dissolution may be obtained if “one of the parties to the marriage” has resided six months in the state before the filing of the petition. (Emphasis added.) It is no longer necessary that the petitioner be a resident of the state. Compare § 61.021, Fla.Stat. (1985); Eckel v. Eckel, 522 So.2d 1018, 1020 (Fla. 1st DCA 1988); Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982). There was ample corroborating evidence that appellant had been a Florida resident for more than six months prior to the filing of the petition; therefore, jurisdiction was properly invoked.
As for appellant’s remaining points, we find competent, substantial evidence supporting the lower court’s rulings and no abuse of discretion on the part of the trial judge, and therefore
AFFIRM.
ERVIN, ZEHMER and WEBSTER, JJ., concur.