168 So.2d 95 (1964)
Charles H. LEITHAUSER and George H. Leithauser, co-partners doing business as Lighthouse Candy Company, Petitioners,
v.
John H. HARRISON et al., Respondents.
No. 5128.
District Court of Appeal of Florida. Second District.
October 9, 1964.
*96 Wm. H. Robbinson, of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, for petitioners.
Charles E. Davis, of Fishback, Davis, Dominick & Troutman, Orlando, for respondents John H. Harrison and John H. Harrison & Co., Inc.
Edward K. Goethe, Orlando, for respondent Randolph Y. Matheny.
SMITH, Chief Judge.
The petitioners are plaintiffs in trial court case #53116 which is one of nineteen suits at law against three defendants, who are the respondents here. They seek certiorari to quash an order sustaining an objection to an interrogatory on a claim of privilege. We grant the writ.
By their suit brought under Section 517.21 of the Uniform Sale of Securities Law, Chapter 517, Florida Statutes, F.S.A., the petitioners seek to recover from the respondents the price of certain corporate securities purchased by them, plus interest, costs and attorney's fees. The complaints allege the purchase of certain corporate bonds from Fischer Electro-Magnetics, Incorporated, the issuing corporation; that the bonds were not registered as required by the act; that the respondents, Harrison, a registered securities dealer, and Matheny, an attorney, were directors of the issuing corporation; and that these respondents personally participated or aided in making the sales to the petitioners.
The petitioners propounded various written interrogatories to the respondents, including one directed to the respondent, Matheny, which requested him to state the substance of any advice pertaining to these bonds which he had given to the respondent, Harrison, while representing Harrison as a lawyer. Matheny duly served and noticed for hearing an objection to this interrogatory based solely on the ground that "any answer would call for the disclosure of a confidential communication between attorney *97 and client constituting privileged matter * * *."
Prior to the hearing on this objection Matheny alleged, in answer, among other things, that the entire issue of securities was sold to Harrison, a registered securities dealer, in a transaction which was exempt from the requirements of the act; that he did not participate in any of the sales to the plaintiffs and that he was without knowledge as to whether or not Harrison had sold any of the bonds as agent for the issuing corporation.
At the hearing on Matheny's objection, the petitioners acknowledged that an answer to their interrogatory would disclose a communication between attorney and client. They further acknowledged that they had the burden of producing evidence showing that the communication was outside the scope of the attorney-client relationship before disclosure properly could be required. They sought to sustain this burden by introducing evidence that the communication pertained to the future commission of a fraud or a crime. The court declined to receive the proffered evidence and sustained Matheny's objection.
Certiorari is a discretionary writ which will be issued only where the lower court acts without or in excess of jurisdiction or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate. Kauffman v. King, Fla. 1956, 89 So.2d 24. Normally, orders entered in discovery proceedings do not qualify for review under the above rule.[1] However, review has been granted in exceptional cases where it appeared, among other things, that such orders were reasonably likely to result in substantial injury.[2] Peculiar circumstances present here, particularly, the character of the information sought; its importance to a proper disposition of the issues raised by the pleadings; the unlikelihood that it can be obtained from a different source or in a different manner; the probability that a verdict for either or both defendants would have to be reversed by this court, regardless of the nature of quality of the evidence proffered; and the injustice of requiring the plaintiffs to incur the expense and inconvenience of trying these suits a second time in order to obtain an informed ruling on the question presented[3] lead us to conclude that this case is an exceptional one in which the writ should issue. The order here sought to be reviewed has a broader effect than that of non-fundamental error of judgment or procedure usually involved in discovery proceedings. Our review by certiorari is required to determine whether the court proceeded in conformity with the essential requirements of law relating to the procedure for reaching an ultimate disposition of the cause.
Rule 1.27, Florida Rules of Civil Procedure, 30 F.S.A., permits interrogatories to parties regarding any matter not privileged which is relevant to the subject matter of the action. Where a claim of privilege is asserted, the parties seeking disclosure are faced with the necessity of producing evidence that the communication claimed to be privileged was in fact not privileged. A mere claim of the privilege does not conclusively establish the privilege but merely shifts to the other party the necessity of showing that the communication was in fact not privileged.
*98 Shortly after development of the rule permitting compulsory testimony of witnesses there developed the rule of privilege in communications between attorney and client which ultimately was based on the necessity of providing subjectively for the client's freedom of apprehension in consulting his legal adviser. Thereafter it was determined that it is not within the duty of a legal adviser to assist in the planning of crime or fraud and that a consultation with a view to such purpose would not be privileged. In the early part of the development of this exception it was limited only to matters that were malum in se. For many years now the exception has been applied without the necessity of determining moral turpitude.[4] These general principles were applied in Florida in Kneale v. Williams, 1947, 158 Fla. 811, 818, 30 So.2d 284, 287, where the court said:
"It appears to be well settled that the perpetration of a fraud is outside the scope of the professional duty of an attorney and no privilege attaches to a communication and transaction between an attorney and client with respect to transactions constituting the making of a false claim or the perpetration of a fraud. * * *"
The purpose of the Uniform Sale of Securities Law, Chapter 517, Florida Statutes, F.S.A., is to protect investors from fraud. See State, by Knott v. Minge, 1935, 119 Fla. 515, 527, 160 So. 670, 675. One who knowingly violates the act is guilty of a crime. See State v. Smith, Fla.App. 1963, 151 So.2d 889. The act makes a sale of securities in Florida, unless registered or exempt, voidable and renders the person making any such sale and every director, officer or agent of the seller who personally participates or aids in any way in making the sale jointly and severally liable to the purchaser. The complaints seek the statutory damages against both an attorney and his client. When the attorney interposed the claim of privilege the plaintiffs had the right to submit evidence showing that the communication concerned the future commission of a crime or fraud and, hence, was not privileged. The court's refusal to hear the plaintiffs' evidence had the effect of making the attorney asserting the privilege the sole and conclusive judge of the applicability of the exception. This denied the plaintiffs the essential requirements of law necessary to a determination of the issues.
That part of the order which sustains the objection of the defendant, Matheny, to Interrogatory No. 8 propounded by the plaintiffs is quashed and the cause is remanded for further proceedings.
ALLEN and SHANNON, JJ., concur.
NOTES
[1] Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745; Kellenberger v. Widener, Fla. App. 1963, 159 So.2d 267; Freedman v. Amdur, Fla.App. 1964, 160 So.2d 131.
[2] Kilgore v. Bird, 1942, 149 Fla. 570, 6 So.2d 541; Brooks v. Owens, Fla. 1957, 97 So.2d 693; Boucher v. Pure Oil Company, Fla.App. 1958, 101 So.2d 408.
[3] Cf. Tantillo v. Miliman, Fla. 1956, 87 So.2d 413; Kauffman v. King. supra; Enfinger v. Baxley, Fla. 1957, 96 So.2d 538.
[4] Wigmore, Evidence, §§ 2290 et seq. (McNaughton rev. 1961); Note, 77 Harv. Law Rev. 730 (1964); Annot., 125 A.L.R. 508 (1940).