WETHERINGTON, GERALD T., Associate Judge.
Appellant, David Lee Cottrill, appeals an order withholding adjudication and placing him on five years’ probation entered pursuant to a jury verdict finding him guilty of committing a sexual battery on his 16 year old step-daughter. He contends that the circuit court erred in admitting into evidence over objection the testimony of a state’s witness, Reverend Lawrence Reynolds, a minister of the Church of God of the Community Church of God of Melbourne, Florida. This witness testified that appellant admitted to him that he had committed the alleged crime.
Appellant contends that the circuit court erred in admitting Reverend Reynolds’ testimony in violation of the privilege contained in Section 90.241, Florida Statutes (1977).[1]
Section 90.241, Florida Statutes (1977) states, in pertinent part, as follows:
(1) No minister of the gospel, no priest of the Catholic Church, no rector of the Episcopal Church, no ordained rabbi, no practitioner of Christian Science, and no regular minister of religion of any religious organization or denomination usually referred to as a church, over the age of 21 years, shall be allowed or required in giving testimony as a witness in any litigation, to disclose any information communicated to him in a confidential manner, properly entrusted to him in his professional capacity, and necessary to enable him to discharge the functions of his office according to the usual course of his practice or discipline, wherein such person so communicating such information about himself or another is seeking spiritual counsel and advice relative to and growing out of the information so imparted.

(4) It shall be the duty of the judge of the court wherein such litigation is pend *451 ing, when such testimony as herein prohibited is offered, to determine whether or not that person possesses the qualifications which prohibit him from testifying to the communications sought to be proved by him.
In a hearing conducted outside of the jury’s presence, Reverend Reynolds testified that the incriminating statements were made to him in a marriage counseling session with appellant and his wife and that he did not consider the communication as either confidential or spiritual. He further testified that appellant was not a member of his church and did not attend church services. Other members of appellant’s family did attend church services although they were not members of the church.
Appellant sought leave to testify that the incriminating communications were made during the course of spiritual counseling within the meaning of the above statute. The circuit court refused to permit this testimony, holding that the state had laid the necessary predicate for the admissibility of the testimony of Reverend Reynolds.
The circuit court erred in refusing to hear appellant’s testimony. Section 90.241, Florida Statutes, quoted above specifically requires in subparagraph 4 that the judge shall determine whether the qualifications for the privilege have been met. To do this, it is necessary for the judge to hear all relevant evidence on the issues involved before making his finding. This is consistent with the general principle that where a claim of privilege is involved each party must be allowed to present evidence relevant to the claim of privilege. See Leithauser v. Harrison, 168 So.2d 95 (Fla.2d DCA 1964).
The order appealed from is therefore reversed and the cause is hereby remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.

. Section 90.241, Florida Statutes, was repealed effective July 1, 1978, after the communication in question was made. See Ch. 76-237, Laws of Florida, Sections 2 and 8. This privilege in reworded form has been retained in Section 90.505 of the new Florida Evidence Code effective July 1, 1979. See Ch. 78-379, Laws of Florida, 1978.