403 So.2d 617 (1981)
STOTTLER STAGG AND ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
James W. ARGO, Appellee.
No. 80-802.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
*618 John M. Starling of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellant.
Joseph S. Gillin, Jr., of Storms, Krasny, Normile, Dettmer & Gillin, P.A., Melbourne, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a final judgment holding that an agreement with appellee was not enforceable because it was an "investment contract" and, therefore a "security" as defined by section 2(1) of the Securities Act of 1933[1] and section 517.02(1), Florida Statutes (1977), and had not been registered.
Stottler Stagg was an engineering firm. Argo, upon retirement from a career with the United States Corps of Engineers, was hired by Stottler as manager of its Jacksonville office. Argo suggested that Stottler consider the business potential for their services in Saudi Arabia. Argo recommended a Colonel Gray, also from the United States Corps of Engineers, as being knowledgeable and having influential contacts in Saudi Arabia.
A series of meetings, most of which Argo attended, were held. When Richard Stottler, president of appellant corporation, indicated reluctance to commit any significant amount of money to the venture because of the company's limited experience in overseas ventures, Argo stated that he had enough confidence in himself that he would be an investor and that he would advance one-half of the cash necessary to fund the venture, up to a maximum commitment of $100,000.
Thereafter, Stottler entered into an agreement with Gray and another individual to form a Virginia corporation, GKJ Corporation, each to receive thirty-three and one-third percent of the voting stock. Argo was familiar with the terms and was present at most of the negotiations leading up to the execution of the agreement on October 20, 1977.
On October 27, 1977, Stottler and Argo signed their agreement whereby Argo agreed to advance funds on an equal basis with Stottler up to a maximum of $100,000. Stottler put $153,000 into the venture but Argo failed to pay any part of his commitment which precipitated this litigation.
The issue here is whether the October 27, 1977 agreement was exempt under the provisions of section 517.061, Florida Statutes (1977) and sections 4(1), (2)[2] of the Federal Securities Act of 1933, as amended.
The purpose of laws requiring the registration of securities is to protect the public from fraudulent and deceptive practices in the sale and marketing of securities. Edwards v. Trulis, 212 So.2d 893 (Fla. 1st DCA 1968); Leithauser v. Harrison, 168 So.2d 95 (Fla. 2d DCA 1964). The Securities Act was not intended as protection for those shown to be able to fend for themselves. Garfield v. Strain, 320 F.2d 116 (10th Cir.1963).
To be the subject of registration, the agreement must be a "security" and the seller must be the "issuer or underwriter."
15 U.S.C. § 77b(4) defines "issuer" as every person who issues or proposes to issue any security. 15 U.S.C. § 77b(11) defines "underwriter" as any person who has purchased from an issuer with a view to the distribution of any security, or participates or has a direct or indirect participation in any such undertaking. 15 U.S.C. § 77b(1) defines a security, in part, as an "investment contract." The trial court held that the agreement met the tests for an investment contract set down by S.E.C. v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946):
(a) the investment of money
(b) in a common enterprise
(c) with an expectation of profit

*619 (d) to be derived solely from the efforts of others.
328 U.S. at 297, 66 S.Ct. at 1102.
In Rudd v. State, 386 So.2d 1216 (Fla. 5th DCA 1980), this court adopted the Howey test for determining whether a transaction constituted a security or more specifically, an "investment contract" under the Florida Sale of Securities Act.
In the instant case, the trial court found that the first three elements did not warrant discussion but we are not so persuaded. The venture into which Argo was investing was the Saudi Arabian undertaking, the GKJ Corporation. The October 27, 1977 agreement was nothing more than an understanding between Argo and Stottler as to how they would share in their mutual investment in GKJ.
It is clear that Argo is not within the class of persons the statute and Act were designed to protect. He was knowledgeable; he participated in all negotiations; it was he who first interested his employer in the overseas operation; and his offer to participate was a motivating force in Stottler's decision to enter the Saudi venture.
The stock of GKJ was exempt under the provisions of section 4(2) of the Securities Act of 1933, as amended,[3] which exempts transactions by an issuer not involving any public offering. A private offering is exempt if the purchasers (1) are limited in number, (2) are sophisticated, and (3) have a relationship with the issuer enabling them to command access to information that would otherwise be contained in a registration statement. Cook v. Avien, Inc., 573 F.2d 685 (1st Cir.1978). See also section 517.061(3), Florida Statutes (1977).
Appellee did not contend that the transaction was in any way misrepresented, or that he was refused information, or that he was naive. His only apparent complaint was that he was not permitted to take an active part in the Saudi operation.[4] This very factor, however, under the fourth element of the Howey test would have prevented the agreement from being an "investment contract" as defined under the Securities Act.
We REVERSE and REMAND for entry of judgment for appellant.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] 15 U.S.C. § 77b(1).
[2] 15 U.S.C. § 77d(1), (2).
[3] 15 U.S.C. § 77d(2).
[4] If a representation to such effect was made, it was not incorporated in either agreement and Argo did not exert this as a defense to the complaint.