James P. **SCHEURENBRAND**; Dorothy L. Scheurenbrand; Frances E. Bowen, as personal representative of the Estate of Ralph S. Bowen, Sr.; James R. Nordmark; John A. Klauck, Plaintiffs–Appellees,

v.

**WOOD GUNDY CORP., Defendant–Appellant.**

No. 92–2633.

United States Court of Appeals, Eleventh Circuit.

Oct. 13, 1993.

Gregor F. Gregorich, Julie A. Day Marion, McDermott, Will & Emery, New York City, Mara Beth Sommers, McDermott, Will & Emery, Miami, FL, for defendant-appellant.

William T. Kirtley, Sarasota, FL, for plaintiffs-appellees.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and RONEY, Senior Circuit Judge.

TJOFLAT, Chief Judge:

In this appeal, Wood Gundy Corp., a securities broker, questions some of the procedures utilized by the district court in litigating the claims of investors to whom it sold certain unregistered securities. We find no error in the district court's conduct, and therefore affirm.

## I.

In November and December 1984, five Florida investors purchased units of limited partnership interest in the Los Angeles Union Building, Ltd. (the "Limited Partnership"), a California entity organized to renovate an office building in downtown Los Angeles. The investors (the plaintiffs in this case) bought the securities at a price of $57,000 per unit; Wood Gundy Corp. acted as a commissioned broker for the transactions through two of its registered representatives.

The Limited Partnership subsequently went into receivership, and, in January 1987, the plaintiffs received a letter from the receiver who had been appointed to administer the limited partnership. This correspondence suggested to the investors for the first time that the organizers of the venture may have acted fraudulently in offering the partnership interests for sale. After further investigation and consultation with counsel, the plaintiffs on December 13, 1988, brought this suit against Wood Gundy.

The complaint consists of four counts. Count I presents two discrete claims for relief, alleging that Wood Gundy engaged in fraudulent, manipulative, and deceptive practices in connection with the sale of the limited partnership interests in violation of: (1) section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (1988), and Rule 10b–5 promulgated thereunder; and (2) section 517.301 of the Florida Securities and Investor Protection Act ("FIPA"). Counts II and III, taken together, allege violations of the FIPA registration requirements, Fla. Stat.Ann. §§ 517.07 and 517.081 (West 1988),

and demand the concomitant right of rescission under section 517.211 of FIPA. We refer to these counts collectively as count II. Finally, count IV presents a claim of common law fraud.

A jury trial was conducted on March 12–18, 1991. Using a special verdict form to which no objection had been raised by counsel,[1] the jury rejected all but one of the several bases of recovery with which it was presented. Although the jury found for Wood Gundy on the federal and state fraud counts, it also determined both that the units of limited partnership interest did not qualify for an exemption from the registration requirements of FIPA and that the plaintiffs had filed their registration claims within the time frame prescribed by the applicable statute of limitations.[2]

This appeal primarily concerns a question that the jury was not asked to reach. The verdict form instructed the jury that its job was finished after it found that Wood Gundy had violated the registration requirements of FIPA and that the plaintiffs' claims were not time barred; most significantly, the form did not direct the jury to make any determination as to the amount of compensation to which the plaintiffs might be entitled.[3]

Counsel for the plaintiffs raised this point with the court just after the jury rendered its findings, explaining to the trial judge that "the plaintiffs would be entitled to recover under the registration violation, but there is no damage assessment by the jury in the verdict form." The court responded that the issue of rescission was a question of law for the court to decide, not a matter for the jury. Neither party suggested that the jury be asked to continue deliberations on the damages issue, and no objection was made to the court's decision at that time.

On February 27, 1992, the district court handed down its final judgment giving effect to the jury verdict. Judgment was entered against Wood Gundy in favor of each plaintiff in the amount of the individual's investment in the unregistered securities, plus interest at the legal rate from the date on which the limited partnership interests were purchased.[4] The court also determined that the plaintiffs were entitled to reasonable attorney's fees and would be awarded such fees after proper documentation was filed with the court. Wood Gundy appeals from this judgment, arguing that the court should have entered judgment for the defendant because the jury decided to award the plaintiffs noth-

1. As this court has explained, "[o]bjection to the form of interrogatories in a special verdict must be raised before the jury is charged." *Golub v. J.W. Gant & Assoc.*, 863 F.2d 1516, 1521 (11th Cir.1989) (citations omitted).

2. Question nine of the special verdict form read: "Did the securities qualify for an exemption from registration under Florida law?" The jury checked the "no" space and was then instructed that "[i]f your answer to question nine is yes, you have completed your deliberations. If your answer to question nine is no, go on to question ten." Question ten, the final interrogatory, asked "[d]id the plaintiffs file this case within two years after they discovered, or should have discovered, their Non–Registration claim under Florida Law?" The jury answered "yes" as to each plaintiff. The form then concluded with the instruction to "inform the marshall that you have completed your deliberations."

3. In the fraud section of the special verdict form, questions seven and eight did ask the jury to fix compensatory and punitive damages. However, the form's instructions told the jury to answer those questions only if it had first found Wood Gundy liable on the fraud claims in questions one through three. When the jury found for the

defendant on those points, it followed the instructions which provided that "[i]f you have answered no to all of the above questions ... please go on to question nine...." Because of the manner in which the special verdict interrogatories were constructed, therefore, it is obvious that the jury never considered the only questions on the form that concerned damages. Despite Wood Gundy's contention, the jury's failure to answer those interrogatories cannot fairly be read as an affirmative decision to award the plaintiffs zero dollars in compensation.

4. These amounts were stipulated to prior to trial. As a result, judgment was entered for each of the five plaintiffs as follows, plus interest from the date of purchase (listed below) to the date of judgment:

James and Dorothy Scheurenbrand: $57,000 (12/3/84);
John Klauck: $57,000 (12/31/84);
Ralph Bowen: $57,000 (11/29/84);
James Nordmark: $171,000 (11/29/84).

Frances E. Bowen, as personal representative of the estate of Ralph S. Bowen, Sr., was substituted as a plaintiff by order of this court on January 29, 1993.

ing when it left the damages questions on the special verdict form blank.[5] Wood Gundy also appeals the district court's tentative disposition of its claim for counsel fees for successfully defending the plaintiffs' fraud claims.[6]

## II.

■ Because the jury did not enter an amount of recovery for the plaintiffs on the verdict form, Wood Gundy contends that the plaintiffs are not entitled to recovery and argues that the district court should have entered a judgment in favor of the defendant. This assertion, however, is meritless in light of the statutory scheme under which this case was litigated.

### A.

The Florida Investor Protection Act provides that a purchaser of nonregistered, nonexempt securities [7] is entitled to the return of his investment (provided that the purchaser still owns the securities at the time he seeks a remedy). Under section 517.211, a violation of the FIPA registration requirements automatically renders the seller liable in rescission, in which case a buyer who tenders the securities is entitled to return of the purchase price plus interest; if the buyer has sold the securities in question, damages are awarded in the amount of the difference between the amount of the investment and the amount of the sale, plus interest. *See Ainsworth v. Skurnick*, 909 F.2d 456, 458 (11th Cir.1990), *certified question answered*, 591 So.2d 904 (Fla.1991), *answer conformed to*, 960 F.2d 939 (11th Cir.1992), *cert. denied*, —— U.S. .——, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993).

The jury in this case concluded that Wood Gundy had failed to register the limited partnership interests as required by FIPA chapter 517 before selling them to the plaintiffs. However, the parties and the court in this case never explicitly identified the remedial option under which the case was proceeding. Neither the court nor the defendant demanded that the plaintiffs make an election of remedies, and the parties sometimes acted as if they were pursuing a hybrid of the two statutory approaches. The evidence presented in this case is sufficient, however, to demonstrate that the plaintiffs still owned the securities at the time of trial and therefore were entitled to rescission.[8] The amended

5. Wood Gundy also challenges the judgment on several additional grounds, none of which merit extended discussion. The defendant's argument that the district court's instructions to the jury on the statute of limitations aspect of the plaintiffs' nonregistration claims were erroneous, like its objection to the failure of the court to charge the jury on the estoppel defense, is meritless because Wood Gundy did not object before the jury retired to deliberate. Fed.R.Civ.P. 51. The court's instruction on exemption from the FIPA registration requirements was in accordance with the statute. Finally, we reject the defendant's argument that the trial court abused its discretion in excluding certain oral and documentary evidence concerning information received by the plaintiffs in the purchase of other securities.

6. Actually, attorney's fees have not yet been awarded. In the memorandum opinion accompanying its judgment, the district court indicated that it would award fees to the plaintiffs but not to the defendant. Wood Gundy contends that it should receive counsel fees for successfully defending the plaintiffs' fraud claims. Given that the district court has not entered final judgment on the counsel fees issues, however, the court's statements as to what it intends to do are purely tentative. Accordingly, we do not reach Wood

Gundy's claim that it is entitled to counsel fees for defending the claims on which it prevailed.

7. FIPA provides that "[n]o securities except of a class exempt under any of the provisions of § 517.051 or unless sold in any transaction exempt under any of the provisions of § 517.061 shall be sold or offered for sale within this state unless such securities have been registered...." Fla.Stat.Ann. § 517.07. The jury determined by special verdict interrogatory nine that no such exemption applied.

8. While testifying at trial, the investors were never asked directly whether they still owned the securities. However, current ownership of the limited partnership units is implicit in their statements at trial and in their pleadings in the record. The fact that the plaintiffs demanded rescission in count II of the complaint as well as in a letter to Wood Gundy dated November 21, 1988 (Plaintiff's Exhibit # 62), suggests that the securities in question had not been sold. Indeed, in that letter, counsel for the plaintiffs states that "[a]ppropriate releases and tender of the Unit certificates will be delivered by the ... Unit purchasers simultaneous to the time of the return of Unit proceeds, together with interest thereon." Based upon this evidence, the trial court con-

complaint clearly asks for rescission, and the case generally proceeded in that posture despite occasional inconsistent or contradictory signals from the plaintiffs.

■ An action for rescission is an equitable proceeding, and as such it carries no right to a jury trial. Section 517.211, which provides for rescissory damages, does not itself speak to whether proceedings under that section are legal or equitable in character. Yet, while the provision merely sets forth alternative remedies, Florida courts have made the equitable nature of the action for rescission under this statute apparent. See E.F. Hutton & Co. v. Rousseff, 537 So.2d 978, 981 (Fla.1989) (noting that remedies in § 517.211 are patterned on common law contract cause of action known as rescission); Davis v. McGahee, 257 So.2d 62, 63–64 (Fla. 1st Dist.Ct.App.1972) (explaining that rescission of purchase of stock under FIPA was "equitable in nature and required the application of equitable principles in order to grant the basic relief prayed for by the respective parties"), cert. denied, 264 So.2d 425 (Fla.1972). This holding is consistent with the well-established, traditional understanding that rescission is an equitable remedy. See, e.g., Royal v. Parado, 462 So.2d 849, 853 (Fla. 1st Dist.Ct.App.1985) (noting that rescission is an equitable remedy); Raulerson v. Metzger, 375 So.2d 576, 577 (Fla. 5th Dist. Ct.App.1979) (explaining that "[a]n action for rescission and cancellation of a deed is ... cognizable in equity and as such is triable before the court without a jury").

In their debate over how to give effect to the jury's answers on the special verdict form in this case, neither the parties nor the court recognized that the rescission action for nonregistration of the limited partnership securities was an equitable proceeding that never should have been tried to a jury in the first place.[9] The only logical explanation for

the court's handling of this case is that it planned to treat the jury's decision on the nonregistration claims as an advisory verdict in an equitable proceeding. From that standpoint, the jury's answers to the special verdict interrogatories concerning the failure of the defendant to register the securities under Florida law were merely instructional. The court was entitled—indeed was required—to enter judgment on its own. Therefore, when the court entered the judgment for the plaintiffs, the judge was sitting as a chancellor in equity and was acting within the scope of his authority.

Section 517.211(3) of FIPA provides that the amount recoverable in a rescission action by the purchaser of an illegally sold security is "the consideration paid for the investment, plus interest at the legal rate, less the amount of any income received by the purchaser on the security or investment."[10] The facts on these points were not in dispute because the parties stipulated to the dates and amounts of investment by each of the plaintiffs before trial, and because the defendants did not produce any evidence to demonstrate that the plaintiffs received a return on their investments. Therefore, the district court properly found, as a matter of law, that the plaintiffs were entitled to full rescissory damages, and it awarded the correct amount to each investor under the statute.

### B.

■ Even if this action had been a proceeding for damages at law, instead of a rescission action which clearly proceeded in equity, our conclusion would be no different. When a purchaser sues for damages after having sold an illegal security, the statute fixes the proper amount of judgment as the consideration paid for the security, plus interest from the date of purchase, less the value of the security at the time it was sold. Fla.Stat.Ann. § 517.211(4). Had the plain-

cluded in the memorandum accompanying its final order and judgment in this case that "[t]he evidence clearly established that plaintiffs still own the securities in question, and defendant presented no evidence to the contrary." We have no reason to question the district court's conclusion.

9. Of course, a jury trial was appropriate on the federal securities (10b–5) and common law fraud

claims, for which the issues of liability and damages would require a jury determination.

10. Incidentally, the jury had been instructed that this was the proper measure of damages; it was therefore aware when it made its decision that the defendant would be held liable for rescissory damages if it answered the final two special verdict interrogatories as it did.

tiffs proceeded according to that scenario in this case, the trial court could have charged the jury on liability and directed a verdict on damages (assuming, as is the case here, that the relevant facts were not in dispute). Even were the jury properly empowered to determine damages on the registration violations, it would have been obliged to return the amount of compensation fixed by the statute. Damages under this statute are automatic; no jury would be entitled to return a verdict for zero dollars. Indeed, as the Florida courts have held, "[b]ecause ... section 517.211 contains an express civil liability provision, Florida courts need fashion no court-made civil right. They need only follow the clear language of the statute." *Rousseff*, 537 So.2d at 981 (limiting elements of cause of action for rescission under FIPA). If it could have directed a verdict on this issue, then surely the court would not have erred in entering the amount of judgment on its own. Hence, we could affirm the district court's judgment under either of FIPA's remedial theories.

### III.

At oral argument before this court, counsel for both sides admitted that neither the court nor the lawyers seemed to recognize that the rescissory relief sought in this case was equitable in character. Because of this basic oversight, equitable proceedings became inextricably mixed with procedures at law— resulting in the confusion through which we have been required to sort on this appeal. While the precedential value of such a strange case is limited, the main lesson to be gleaned from this snafu is the importance of clearly defining the issues and legal theories prior to trial. A few minutes of planning in advance could have saved months of post-verdict wrangling.

Because the district court acted within the scope of its equitable authority in this case, we affirm the judgment for the plaintiffs on the registration violation claims under Florida law.

IT IS SO ORDERED.