David S. BOIM, Plaintiff,

v.

**NATIONAL DATA PRODUCTS, INC. and Philip Doganiero, Defendants.**

No. 94–2083–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

July 5, 1996.

Nelson D. Blank, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, for plaintiff.

Frederick Stewart Schrils, John E. Phillips, Jr., Holland & Knight, Tampa, FL, for defendants.

### ORDER

KOVACHEVICH, Chief Judge.

This cause of is before the Court on Defendants' Motion for Summary Judgment (Docket No. 24), and Plaintiff's response (Docket No. 30).

 This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-

moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655–56 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment. As the district court in *Coghlan v. H.J. Heinz Co.,* 851 F.Supp. 808 (N.D.Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," [ ] the non-movant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment. [ ] The existence of a mere scintilla of evidence will not suffice.

*Id.* at 810–11, (citations omitted).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

### I. FACTS

Viewed in the light most favorable to the nonmoving party, the facts reflect that Plain-

tiff was initially hired by Defendant Doganiero in September, 1992 to build the telesales and training organizations of Defendant National Data Products ("NDP"). Plaintiff was then promoted to Vice President of Sales and Marketing, and became Manager of the Orlando and South Florida branches as well. Although he did not receive a raise along with this promotion, Plaintiff was offered a stock purchase option in the amount of 2% of the company for each of the succeeding three years totaling 6% of NDP at a $6,000,000 valuation. By the terms of the agreement, this stock purchase option would vest after three years of Plaintiff's continued employment, or on the date the company was sold, whichever came first. It is undisputed that Plaintiff was promoted, and numerous individuals corroborate the existence of the stock option.

Upon Plaintiff's inquiry, Defendant Doganiero assured Plaintiff that there was no deal pending for the sale of NDP. Plaintiff was later terminated by Defendant on November 10, 1994, at which time he was presented with Defendant NDP's first ever separation agreement, whereby Plaintiff waived his stock purchase option rights, and any other claims against Defendant. Defendant Doganiero did not on that date mention any pending sale of the company. Further, the terms of the separation agreement allowed for a revocation period to extend to November 17, 1994. On November 18, 1994, one day after termination of the revocation period, a public announcement was made regarding the sale of the company, a sale which would have immediately vested Plaintiff's stock purchase option rights.

Defendants, for the purposes of this Motion, accept the existence of the alleged oral contract, and move for summary judgment on the basis that Plaintiff's employment was "at will," and could be terminated at any time by either party.

Defendants do not consider that the oral contract modifies the existing at will employment contract, and results in an accompanying obligation to act in good faith. That Plaintiff's stock purchase options had not vested is not significant, since Defendants' actions served to sever those rights and, if done in bad faith, amount to a breach of the oral contract.

## II. DISCUSSION

■ Although summary judgment is warranted against a party who fails to make a showing sufficient to establish the existence of an essential element upon which that party will bear the burden of proof at trial, the facts alleging those essential elements are viewed in the light most favorable to the party opposing the summary judgment. *Celotex,* .477 U.S. at 322, 106 S.Ct. at 2552. Furthermore, the evidence of the nonmoving parties need not necessarily be admissible at trial. *Id.* at 324, 106 S.Ct. at 2553. Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree on the factual inferences that should be drawn from the facts. *Warrior Tombigbee Transportation Company v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).

Plaintiff's complaint alleges four counts: (1) a violation of SEC Rule 10(b)–5; (2) a violation of the Florida Securities and Investor Protection Act (FSIPA); (3) common law breach of contract; and (4) common law fraud. The Court will address the facts of each count in turn.

### SEC Rule 10(b)–5

■ The elements of a Rule 10(b)–5 case are: 1) a misstatement or omission; 2) of a material fact; 3) made with scienter; 4) on which Plaintiff relied; 5) that proximately caused his or her injury. *Knight v. E.F. Hutton and Co., Inc.,* 750 F.Supp. 1109, 1114 (M.D.Fla.1990).

■ Viewing the facts in the light most favorable to the nonmoving party, Defendant Doganiero affirmatively told Plaintiff that the sale of the company, which would vest Plaintiff's stock purchase option, was dead. Alternatively, Defendant failed to inform Plaintiff that the sale of the company was not dead. These acts independently satisfy the "misstatement or omission" element of the Rule 10(b)–5 claim. A reasonable jury could further find that the sale of the company, which would vest Plaintiff's stock purchase option, would be a "material fact" affecting Plain-

tiff's decision to sign the separation agreement and thereby waive his option rights. That Defendant's affirmative statement regarding the absence of a pending sale of the company satisfies the "scienter" requirement goes without saying. A reasonable jury may alternatively infer from the circumstances surrounding Plaintiff's dismissal that Defendant's omission was similarly made with the requisite scienter. That Plaintiff relied on the statement and/or omission to his detriment are questions of fact which are best left to the jury, and a reasonable jury could find that Plaintiff did so rely on Defendant's conduct to his detriment.

Because Plaintiff has satisfied his burden of showing the existence of facts sufficient to support the essential elements of his Rule 10(b)–5 claim, the Court denies Defendants' Motion for Summary Judgment with regard to Count I.

### Florida Securities and Investor Protection Act

■ Section 517.301(1), Florida Statutes (1995) provides:

It is unlawful and a violation of the provisions of this chapter for a person:

(a) In connection with … the offer, sale or purchase of any investment or security … directly or indirectly:

(1) To employ any device, scheme, or artifice to defraud;

(2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

. . . .

(c) In any matter within the jurisdiction of the department, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry.

The FSIPA "is to be given a broad and liberal interpretation to effectuate its purpose." *Arthur Young & Co. v. Mariner Corp.*, 630 So.2d 1199 (4th DCA 1994). Granting the FSIPA broad interpretation and viewing the facts in the light most favorable to the nonmoving party, Defendant's presentation of the separation agreement to Plaintiff could reasonably be interpreted as a purchase of an investment or security inasmuch as it amounts to an exchange for the waiver of Plaintiff's rights to the stock purchase option. For the reasons set forth above under Plaintiff's Rule 10(b)–5 claim Defendant's misstatement and/or omission are similarly sufficient to satisfy Plaintiff's burden of showing evidence to support the essential elements of his FSIPA claim. Because Plaintiff has satisfied his burden of showing the existence of facts sufficient to support the essential elements of his FSIPA claim, the Court denies the Motion for Summary Judgment as to Count II.

### Common Law Breach of Contract

■ In order to recover on a claim for breach of contract in Florida, Plaintiff must establish: 1) the existence of a contract; 2) breach thereof; and 3) damages flowing from the breach. *Knowles v. C.I.T. Corp.*, 346 So.2d 1042 (1st DCA 1977). To consider Defendants' summary judgment Motion, the Court must *arguendo* accept the existence of the oral contract. To do otherwise would admit to the existence of an issue of material fact, thereby precluding summary judgement. Accepting the existence of the contract, it is reasonable for a jury to find the circumstances surrounding Plaintiff's dismissal reflected an improper attempt by Defendant to avoid the terms of the oral contract and that Plaintiff was thereby damaged in an amount reflected by the difference between his cost for the agreed upon number of stock purchase option shares, and their subsequent value in light of the sale of the company. Because Plaintiff has satisfied his burden of showing the existence of facts sufficient to support the essential elements of his common law breach of contract claim, the

Court denies Defendants' Motion for Summary Judgment with regard to Count III.

### Common Law Fraud

▮ The elements for common law fraud in Florida are: 1) a false statement concerning a material fact; 2) knowledge by the person making the statement that the representation is false; 3) the intent by the person making the statement that representation will induce another to act on it; and 4) reliance on the representation to the injury of the other party. *Knight,* 750 F.Supp. at 1114. The elements required for the establishment of Plaintiff's Rule 10(b)–5 and FSIPA claims, as far as they require the making of a knowingly false material statement intended to induce another to rely upon them to that parties detriment, are directly related to Plaintiff's common law fraud claim. Inasmuch as these elements are satisfied in the preceding claims, they are equally satisfied here. Because Plaintiff has satisfied his burden of showing the existence of facts sufficient to support the essential elements of his common law fraud claim, the Court denies the Motion for Summary Judgment as to Count IV.

### III. CONCLUSION

Having accepted for the sake of Defendants' Motion for Summary Judgment that the alleged oral contract did exist, this Court need only consider if the facts alleged, when viewed in the light most favorable to the non-moving party, satisfy Plaintiff's burden of showing the existence of facts sufficient to support his claims. Because Plaintiff has met this burden with regard to each of his four claims, this Court must deny Defendants' Motion for Summary Judgment.

**ORDERED** that Defendants' Motion for Summary Judgment (Docket No. 24) **is denied.**

**DONE and ORDERED.**