**Nellie BUTTERWORTH, Plaintiff,**

v.

**QUICK & REILLY, INC., Defendant.**

**No. 96–1310–CIV–T–17–B.**

United States District Court,
M.D. Florida,
Tampa Division.

April 2, 1998.

---

4. See supra note 3.

1406

Joel A. Goodman, Kalju Nekvasil, Stephen Craig Krosschell, Goodman & Nekvasil, P.A., Safety Harbor, FL, Mark J. Heise, Michael A. Hanzman, Michael E. Criden, Hanzman, Criden, Korge & Chaykin, P.A., Miami, FL, for Nellie Butterworth, plaintiff.

Nancy A. Copperthwaite, Bennett Falk, Morgan, Lewis & Bockius, Miami, FL, for Quick & Reilly, Inc., defendant.

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on a motion for summary judgment, with attachments, (Docket No. 57), and with exhibits (Docket No. 60), filed by Defendant, QUICK & REILLY, INC. Plaintiff, NELLIE BUTTERWORTH, filed a responsive memorandum, with attachments (Docket No. 86), a statement of disputed facts relating to Defendant's motion for summary judgment (Docket No. 87), and the depositions (with exhibits) of Tina Pirillo (Docket No. 88), Don Saxon (Docket No. 89), Edward F. Waterbury (Docket No. 90), Nancy Allen Wood (Docket No. 91), Nellie Butterworth (Docket No. 92), Geraldine S. Harrison (Docket No. 93), Luciano Moschetta (Docket No. 94), and Mary Elizabeth O'Hern (Docket No. 95). Plaintiff, NELLIE BUTTERWORTH, thereafter filed a motion for partial summary judgment (Docket No. 97) and a statement of undisputed facts (Docket No. 96). Defendant, QUICK & REILLY, INC., filed a responsive memorandum, with attachments (Docket No. 101) and a statement of disputed facts in opposition to plaintiff's motion for summary judgment (Docket No. 102).

### I. BACKGROUND

Plaintiff brings this case alleging that Defendant failed to register its St. Petersburg

branch office, as required under Section 517.12(5) of the Florida Securities and Investor Protection Act, and, as a result, violated such act, as well as for various common law claims. The Plaintiff's complaint contains five causes of action. The complaint stems from the Defendant's alleged failure to report an address change for its St. Petersburg branch office that relocated from 5th Avenue North to 22nd Avenue North in October of 1992.

Plaintiff's counts are as follows: First, that Defendant violated the Florida Securities Act because it conducted business at its St. Petersburg branch office and other locations without registering these locations with the Florida Department of Banking and Finance (hereinafter "Department") pursuant to Section 517.12(5). That alternatively, Defendant violated Sections 517.12(11) and 517.12(13) of said act by failing to amend the registered addresses of these branch offices or by conducting business at branch office locations whose registrations had expired when Defendant failed to supply the branch office address information which the Department required. Plaintiff also alleges a violation of Section 517.301(1)(a)(2) of said act because Defendant conducted business at Florida branch offices in violation of Florida registration requirements and failed to disclose its non-compliance with these registration requirements. Second, that Defendant breached its contract with Plaintiff by violating Sections 517.12 and 517.301 of the Florida Securities Act, Rule 3E–600.004(3)(c) and other administrative rules in the course of purchasing and selling securities for Plaintiff. Third, that by opening its doors to the public, Defendant falsely represented to Plaintiff that it had complied with all applicable laws and that its branch offices were properly in compliance with Florida branch office registration requirements, including Sections 517.12, 517.12(11), and 517.12(13) of the Florida Securities Act, as well as Rule 3E–600.004(3)(c) and other administrative rules. That as a result of this false misrepresentation, Defendant fraudulently induced Plaintiff to do business with Defendant. Fourth, that because Defendant did not register its branch offices and failed to disclose this fact to Plaintiff, Defendant breached its fiduciary obligation to Plaintiff. Fifth, that Defendant breached its duty of care to Plaintiff by failing to comply with the registration requirement of the Florida Securities Act. That Defendant's failure to disclose this information to the Plaintiff and its false representations constitute negligent misrepresentation.

Defendant moved for summary judgment against Plaintiff on four grounds. First, that the Florida Department of Banking and Finance has expressly and specifically ruled that the failure to file an amended address does not result in a branch office being unregistered. Second, if Defendant did violate any statute, it only violated Section 517.12(13) which does not entitle Plaintiff to any damages because it is administrative in nature. Third, Defendant has substantially complied with the requirements of Chapter 517 and, therefore, is not liable to Plaintiff for the failure to file an amendment for the St. Petersburg branch office. Fourth, that there is no private cause of action available to enforce the Department's rule regarding address changes of brokerage firm branch offices. Defendant also alleges that it is entitled to summary judgment on the common law claims for these same reasons, and because Plaintiff cannot show any way in which the Defendant's failure to file a change of address caused Plaintiff any damages.

Plaintiff thereafter filed a motion for partial summary judgment on the issue of liability under the Florida Security Act and for her breach of contract claim. Plaintiff claims that she is entitled to summary judgment on the liability issue under the Florida Security Act for several reasons. First, that the branch office licensing statute must be interpreted in conformity with all other location licensing statutes in Florida, which uniformly provide that location licenses are not unilaterally transferable. Second, that Defendant's branch office on 22nd Avenue North in St. Petersburg was not registered because its physical presence was not formally and precisely recorded on the Department's official branch office registration records. Third, that Defendant's theory permits dealers to move their locations anywhere in the state without permission, and it is inconsistent with the common law that location licenses are not unilaterally transferable. Fourth,

that Section 517.12(13) merely specifies a method to accomplish a branch office transfer, and does not address whether a branch office remains registered if this method if not followed. Fifth, that this Court must defer to the Department's ruling that investors are entitled to relief for any violation of Section 517.12, including the violations of Sections 517.12(11) and 517.12(13) which Defendant committed. Lastly, that the substantial compliance doctrine does not apply to Defendant's failure to file necessary registration documentation, and Defendant's filings with the Department established a pattern of substantial non-compliance. Plaintiff also contends that she is entitled to summary judgment for liability on her breach of contract claim because Defendant's failure to register resulted in its contract with Plaintiff being void and that Defendant violated the branch office registration laws which were automatically incorporated into this contract.

## II. STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979) (citing *Hawkins v. Frick–Reid Supply Corp.,* 154 F.2d 88, 89–90 (5th Cir.1946)). Any material factual disputes will preclude summary judgment.

The U.S. Supreme Court held in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), as follows:

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322.

In addition the Supreme Court stated, "Rule 56(e) therefore, requires the nonmoving par-

ty to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the moving party." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2nd Cir.1980). Additionally, summary judgment is warranted against a party who fails to make a showing sufficient to establish existence of an essential element upon which that party will bear the burden of proof at trial. *See Boim v. National Data Products, Inc.,* 932 F.Supp. 1402, 1404 (M.D.Fla.1996) (citing *Celotex,* 477 U.S. at 322).

## III. DISCUSSION

### A. Claims Under the Florida Securities and Investor Protection Act

Defendant contends that this Court should grant its motion for summary judgment, and deny the Plaintiff's motion for partial summary judgment, because Defendant's failure to file a timely address change for its St. Petersburg branch office, with the Department under the Florida Securities and Investor Protection Act, does not constitute the Defendant conducting business at an unregistered branch office.

It has long been established that the purpose of laws requiring registration of securities is to protect the public from fraudulent and deceptive practices in the sale and marketing of securities. *See Stottler Stagg and Associates, Inc. v. Argo,* 403 So.2d 617, 618 (Fla.App. 5th Dist.1981). See also, *Leithauser v. Harrison,* 168 So.2d 95, 98 (Fla.App. 2nd Dist.1964) (stating purpose of uniform sale of securities law is to protect investors from fraud); *Nichols v. Yandre,* 151 Fla. 87, 9 So.2d 157, 159 (1942) (finding that the purpose of statutes regulating the sale of securities is to protect investors from any fraud that might be practiced upon them).

On May 1, 1997, the Department of Banking and Finance, Division of Securities and Investors Protection, issued a declarato-

ry statement in the above matter. This declaratory statement discussed the effects of Defendant's failure to file a timely change of address form with the Department for its St. Petersburg branch, and whether such failure resulted in that branch being unregistered. "Agency determinations with regard to a statute's interpretation and applicability will normally be accorded great deference, unless there is clear error or conflict with the intent of a statute." *Sans Souci v. Div. of Florida Land Sales & Condominiums*, 421 So.2d 623, 626 (Fla.App. 1st Dist.1982). After having reviewed the declaratory statement, the voluminous documentation submitted by both parties, and the applicable case law, this Court finds that this declaratory statement contains "no clear error or conflict with the statute." Additionally, the Court does not find Plaintiff's arguments to be persuasive on this point. Therefore this Court finds the declaratory statement to be persuasive and adopts the Department's rulings. The Department's rulings are as follows:

1. That a failure to notify the Department within 30 days of an address change results in a violation of Rule 3E–600.004(3)(c), Florida Administrative Code, and Section 517.12(13), Florida Statutes.
2. That such failure to notify the Department does not constitute unregistered activity.
3. That Defendant's failure to timely amend the initial branch office registrations is not a violation of Section 517.12(5), Florida Statutes.
4. That there has been no break in Defendant's registration of the St. Petersburg branch.
5. That the violation of Section 517.12(13) will not result in any enforcement action by the Department.
6. That defendant has substantially complied with all the registration requirements of Section 517.12, Florida Statutes.

The only issue that the Department did not specifically address was whether Plaintiff was entitled to the remedy of recission as a result of Defendant's violation of Section 517.12(13). Rule 3E–600.004(3) of the Florida Administrative Code provides in pertinent part:

(c) If the information contained in any branch office registration form becomes inaccurate or incomplete for any reason before or after the branch office becomes registered, including changing the location of the branch office or the supervisory personnel thereof, the dealer or investment adviser shall amend the information by filing a complete and originally executed Form DA–1–91 (Revised 11–91) with the Department within thirty (30) days of the change and denoting thereon that the information reported is an amendment to a previous filing. Failure to file any amendment as provided herein shall be considered a violation of Section 517.12(13), Florida Statutes.

Section 517.211 of the Florida Statutes states that:

Every sale made in violation of either s. 517.07 or s. 517.12 may be rescinded at the election of the purchaser; and the person making the sale and every director, officer, partner, or agent of or for the seller, if the director, officer, partner, or agent has personally participated or aided in making the sale, is jointly and severally liable to the purchaser in action for recission, if the purchaser still owns the security, or for damages, if the purchaser has sold the security.

Although the Plaintiff has argued that Defendant's violation of Section 517.12(13) entitles them to recission, the Court is not persuaded by their arguments in this instance. Instead the Court finds that although Defendant failed to timely amend its address with the Department pursuant to Section 517.12(13), the Plaintiff is not entitled to recission.

The right to recission is an equitable remedy and therefore principles of equity must be applied to determine whether it should be granted or not. *See Davis v. McGahee*, 257 So.2d 62, 63 (Fla.App. 1st Dist.1972). See also *Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993) (stating that a jury trial is not permitted in an action for recission because it is an equitable proceeding). The Plaintiff has submitted no case law to establish that courts have awarded the right of recission for failure to comply with the requirements of Section 517.12(13), Florida Statutes. However, this Court finds two cases to be instructive

on the right to recission under the Florida Investor Protection Act.

The first case is *Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547 (11th Cir.1993) and the second case is *Leithauser v. Harrison*, 168 So.2d 95 (Fla.App. 2nd Dist.1964). Both of these cases found that the right of recission was predicated on securities either being unregistered or non-exempt. In *Scheurenrand*, the Eleventh Circuit stated that: "The Florida Investor Protection Act provides that a purchaser of nonregistered, non-exempt securities is entitled to the return of his investment (provided that the purchaser still owns the securities at the time he seeks a remedy)." *Id.* at 1550. Likewise, the Second District Court of Appeals stated in *Leithauser* that: Chapter 517 "makes a sale of securities in Florida, unless registered or exempt, voidable and renders the person making any such sale and every director, officer or agent of the seller who personally participates or aids in any way in making the sale jointly and severally liable to the purchaser." *Id.* at 98. Therefore, both of these cases only contemplate the right of recission when the security is not registered or is non-exempt. In the present case, the Department found, and this Court has adopted the finding, that Defendant's failure to timely file an address change with the Department did not result in Defendant being unregistered. Therefore, under *Scheurenbrand* and *Leithauser*, the Plaintiff is not entitled to the remedy of recission because Defendant was registered at all times with the Department. Although Plaintiff is entitled to summary judgment on the issue of Defendant's violation of Section 517.12(13), the Defendant is entitled to summary judgment on the issue of recission under Section 517.211. Therefore, Plaintiff is not entitled to any recovery for Defendant's violation of Section 517.12(13).

### B.  Breach of Contract Claim

■ The necessary elements to recover for a breach of contract claim in Florida are: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach. *See Boim v. National Data Products, Inc.*, 932 F.Supp. 1402, 1405 (M.D.Fla. 1996) (citing *Knowles v. C.I.T. Corp.*, 346 So.2d 1042 (Fla.App. 1st Dist.1977)). While the Plaintiff can show the existence of a contract between herself and the Defendant, the Plaintiff has not sufficiently shown she can establish the existence of the other two required elements.

Plaintiff's breach of contract claims rests completely on her allegation that because Defendant did not comply with the requirement to update its address with the Department for its St. Petersburg branch, it resulted in this branch not being registered. That as a result of this failure to register its St. Petersburg branch office, this constituted a breach of the contract between Plaintiff and Defendant. Plaintiff cites a case that supports the idea that a contract with an unregistered broker for commissions is unenforceable. *See Edwards v. Trulis*, 212 So.2d 893 (Fla.App. 1st Dist.1968). However, in the present case this Court has determined that the Defendant was not unregistered. Therefore the case at bar is not analogous to the *Edwards* case and Plaintiff's claim for breach of contract must fail because she has failed to establish a breach of the contract.

Even if Plaintiff were able to show that Defendant breached its contract, Plaintiff would still not be able to recover since Plaintiff cannot show any damages, nor how any alleged damages were caused by or even related to Defendant's failure to file a change of address with the Department. Therefore, Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### C.  Fraud in the Inducement

■ Under Florida law, the plaintiff must prove certain essential elements for a claim of fraud in the inducement. These elements are as follows: (1) a false statement of a material fact; (2) known by the defendant to be false; (3) made to induce the plaintiff to act in reliance; (4) the plaintiffs acts in reliance upon the representations; and (5) that proximately caused his injury. *See In Re Cascade Intern. Securities Litigation*, 840 F.Supp. 1558, 1583 (S.D.Fla.1993) (citing *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985)). Additionally, the Plaintiff must prove actual reliance on the misrepresentation because "fraud on the market theory" is unavailable in Florida. *See In Re Sahlen &*

*Assocs., Inc. Securities Litigation,* 773 F.Supp. 342, 371 (S.D.Fla.1991).

█ The Supreme Court has defined that the materiality of a particular statement or omission must be measured on the "total mix" of other information available to the investor, and the investor's intentions in making the investment. *See Basic Inc. v. Levinson,* 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The Court also recognized that to fulfill the materiality requirement "there·must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Id.* at 231–32 (quoting *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 449, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976)).

Plaintiff has failed to establish that the Defendant's failure to file a change of address form with the Department is a material misrepresentation or omission. In fact, it is very unlikely that the disclosure of this fact would have been viewed by the "reasonable investor" as significantly altering the "total mix" of information made available to them.

█ It has been held that a "cause of action under the F.S.I.P.A. or Florida common law fraud is virtually identical to stating a claim under Rule 10b–5 'except [for] the scienter requirement.'" *In Re Sahlen,* 773 F.Supp. at 371. Therefore, a plaintiff in a fraud in the inducement claim, like a plaintiff in a 10(b) claim, must prove both actual causation ("transaction causation") and proximate causation ("loss causation"). *See In Re Cascade,* 840 F.Supp. at 1579. "Transaction causation is established by proof that the misrepresentation induced the plaintiff to invest, while loss causation requires the plaintiff to 'prove not only that, had he known the truth, he would not have acted, but in addition that the untruth was in some reasonably direct, or proximate, way responsible for his loss.'" *Id.* at 1579–80.

█ Plaintiff in this case, is unable to establish actual causation to support her claim for fraud in the inducement. While the Plaintiff might be able to establish that the misrepresentation induced her to invest, she will be unable to show that the misrepresentation was a proximate cause of her losses.

First, it has been established through Plaintiff's testimony at her deposition that even after Plaintiff had learned that Defendant had failed to file an address change, she did not remove her investments from Defendant's St. Petersburg branch. This makes it highly unlikely that the Plaintiff would have acted differently by not opening an account with Defendant if she knew that Defendant had failed to file an address change form with the Department. Second, even assuming that Plaintiff was able to establish that she would have acted differently if she had known about Defendant's failure to amend its address, she has not established that this "untruth was in some reasonably direct, or proximate, way responsible for [her] loss." *Id.* at 1580. In fact, Plaintiff has failed to establish that she has even suffered any losses on her investments as a result of Defendant's conduct. (Docket No. 92, pg. 92). Because Plaintiff has failed to·establish the necessary elements to sustain a cause of action for fraud in the inducement, ·Defendant is entitled to summary judgment on this claim.

**D. Negligence and Negligent Misrepresentation**

█ "The elements for negligent misrepresentation are those for a fraud claim, except that it does not require the element of knowledge to establish scienter." *In Re Cascade,* 840 F.Supp. at 1584 (citing *Atlantic Nat'l Bank v. Vest,* 480 So.2d 1328 (Fla.App. 2d Dist.1985)). For,the same reasons that Plaintiff's claim for fraud in the inducement must fail, so must Plaintiff's claim for negligent misrepresentation. Plaintiff has failed to establish that Defendant's misrepresentation or omission was material, that Plaintiff would have acted differently if she had known that fact, and that Plaintiff's losses were proximately caused by Defendant's misrepresentation or omission. Therefore, Defendant is entitled to summary judgment on Plaintiff's negligence or negligent misrepresentation claim.

**E. Breach of Fiduciary Duty**

█ Like her breach of contract claims, Plaintiff's breach of fiduciary duty claim

rests solely on her allegation that because Defendant did not comply with the requirement to update its address with the Department for its St. Petersburg branch, it resulted in this branch not being registered. Accordingly, Defendant's failure to register was a material fact which it failed to disclose to Plaintiff, thereby breaching its fiduciary obligation to Plaintiff. Since this Court has determined herein that Defendant's failure to file an amendment with the Department concerning the address change of the St. Petersburg branch office did not result in Defendant not being registered, Plaintiff's claim for breach of fiduciary duty must also fail.

Alternatively, Plaintiff asserts that Defendant breached its fiduciary duty to her by failing to comply with the branch office registration requirements of Section 517.12 and related administrative rules. However, Plaintiff has not established that Defendant's failure to disclose to Plaintiff that it did not file an address change was a material fact that it was required to disclose. Additionally, the Plaintiff has been unable to demonstrate, even if such a breach occurred, how Plaintiff was caused to suffer any injury. In fact, when the Plaintiff was asked at her deposition whether she had any idea whether she suffered any losses as a result of her Quick and Reilly account, she replied that: "No, I don't think so. I don't—I don't know. I don't think so. Not as yet." (Docket No. 92, pg. 92). "Since Plaintiff failed to establish any injury from Defendants' alleged breach of fiduciary duties which [she] may recover in this action, this Court finds that Plaintiff has failed to establish an essential element of [her] claim, an element that [she] would bear the burden of proving at trial." *Westcott v. Thomas,* 819 F.Supp. 1056, 1063 (M.D.Fla.1993) (citing *Celotex Corp.,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). See also *Himes v. Brown & Co. Securities Corp.,* 518 So.2d 937, 938 (Fla.App. 3rd Dist.1988) (holding that investor's claim for breach of fiduciary duty against securities firm was defective because he failed to show that he suffered any actual damages that were proximately caused by security firm's alleged violations). Therefore, Defendant is entitled to summary judgment on Plaintiff's breach of fiduciary duty claim. Accordingly it is

**ORDERED** that Plaintiff's motion for partial summary (Docket No. 97) be **DENIED;** Defendant's motion for summary judgment (Docket No. 57) be **GRANTED;** and the Clerk of the Court be **directed** to enter judgment for the Defendant.